EZRA P. AXTELL, *Appellant,* v. SMEDLEY ·AND RODGERS HARDWARE COMPANY, A CORPORATION, *et al., Appellees.*

1. The intent of a statute is the vital part—the essence of the law—and the primary rule of construction is to ascertain and give effect to that intent. A construction which results in bringing two sentences of the same section of a statute into conflict should be avoided, if it can be done without doing violence to the language used and the general intent of the whole section. The entire statute is to be considered in ascertaining the intent. Effect must be given to every part of a section if it be reasonably possible to do so. The mere literal con-

## VOL. 59, JANUARY TERM, 1910. 431

Axtell v. Smedley and Rodgers Hardware Co.—Opinion of Court.

struction of a section of a statute ought not to prevail, if it is opposed to the intention of the legislature apparent by the statute, and if the words are sufficiently flexible to admit of some other construction, it is to be adopted to effectuate that intention.

2. Applying the foregoing principles of construction to subsection 2 (a) of paragraph 2210, General Statutes of 1906, prescribing how liens in favor of one who in privity with the owner has furnished materials for the erection and repair of buildings &c., may be acquired as against purchasers and creditors—the proper construction is that one furnishing materials has three months after the entire furnishing of the material to record his lien so as to secure his lien for twelve months after the record of the same, against persons who purchase the property or creditors without notice who became such after. the recording of the lien, but such recording is not notice, nor does it make the lien effectual against a purchaser without actual notice who buys the property before the lien is recorded, and after the time when the materials are furnished,—in other words, the act of recording the lien has no retroactive effect upon a purchaser.

This ·case was decided by Division B.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Axtell & Rinehart,* for Appellant;

*Baker & Baker,* for Appellees.

HOCKER, J.—Smedley and Rodgers Hardware Company, a corporation, filed its bill in the circuit court of Duval county against C. J. Duffy and Daisy B. Duffy, his wife, and Ezra P. Axtell, alleging in substance that on the 13th June, 1908, C. J. Duffy was the owner of lot 9 in

block 5 of Riverside Annex in Jacksonville; that Duffy as owner erected and constructed thereon two buildings for dwelling-house purposes; that orator at Duffy's request from time to time furnished him with material and supplies for their erection and construction which were used by Duffy in the construction of said houses, and for which Duffy became indebted to orator in the sum of $206.98.

A detailed statement of supplies so furnished with the prices is made a part of the bill. That no part of said indebtedness has been paid. That on 12th August, 1908, the last items of said supplies were used by Duffy, before the buildings were completed. That said buildings have been completed since August 12th, 1908, prior to the filing of this bill. That heretofore on 21st October, 1908, Duffy and wife sold and conveyed said premises to Ezra P. Axtell, by deed dated October 20th, 1908, which deed duly acknowledged was recorded in the public records of Duval county in deed book 50, page 405.

That on 2nd November, 1908, orator filed in the office of the clerk of the circuit court of Duval county, a notice of its intention to hold and claim a lien upon the premises described for $206.98, for material furnished the defendant Duffy as owner of said premises.

The notice of lien duly proven, filed and recorded is made part of the bill. That defendant Axtell purchased said premises within three months after the erection and completion of the buildings thereon, and within less than three months after the entire furnishing by orator of the material used in the construction of said buildings, and while he is not and was not a *bona fide* purchaser of said premises without notice by reason of the facts stated. The bill contains the usual prayer for relief, &c.

Decrees pro confesso were entered against Duffy and wife.

Ezra P. Axtell answered the bill, admitting the allegations of the bill, except the allegation that he was not an innocent purchaser for value; and as to this, he alleges that he paid $1000.00 in cash for the lot in question and assumed a mortgage for $1500.00 then existing as a lien on the property; that this was the full value of the property; that he had no knowledge, or notice of any kind or description that complainant had, or claimed any lien against the property, or that it had furnished any materials for the erection of the buildings; that when he purchased the dwelling houses were occupied by families living therein, and had been so occupied—one from the 3rd August, 1908, the other from August 15th, 1908; that C. J. Duffy, then owner of the property informed the defendant there were no liens or claims on the property other than the $1500.00 mortgage; that at the time he paid the purchase price for said property and the deed therefor was delivered to him, he examined the records of Duval county to ascertain if there were any liens or claims of record against said property, and found none except the mortgage aforesaid.

This is a sufficient statement of the contents of the answer to show the issue made by it. The case was set down for hearing on bill and answer by the complainant. On final hearing the Judge rendered a decree that complainant was entitled to the relief prayed for in the bill, that the amount due complainant for materials and supplies furnished Duffy is a lien on the lot in question, superior in dignity to the interests of defendants, or any of them, and referring the case to a master to take the testimony that may be offered by the parties, as to the amount due complainant for materials and supplies to state an account, and also to take and state an account of the attorney's fees due the solicitor for complainant.

E. P. Axtell appealed from this decree to this court.

The matter before us requires the construction of sub-section 2 (a) of paragraph 2210 of the General Statutes, 1906, prescribing how liens in favor of one who in privity with the owner has furnished material for the erection and repair of buildings &c., may be acquired as against purchasers and creditors.

It reads as follows:

"(a) As to real estate—As against purchasers and creditors of such owner without notice, such lien shall be acquired upon real estate only from the time of the record in the office of the clerk of the circuit court of the county where the real estate lies of a notice of such lien. Such notice shall contain a statement of the amount claimed, a description of the property upon which the lien is claimed, and a notice of the intention to hold a lien for the said amount, and shall be verified by the oath of the lienor or his agent. It shall be filed only after the labor has been entirely performed and the materials entirely furnished.

No such notice of a perfected lien shall be effectual against creditors or purchasers of the owner without notice unless it be filed within three months after the entire performance of the labor or the entire furnishing of the material."

It will be noticed that the first sentence of this sub-section states that "such lien shall be acquired upon real estate *only* from the time of the record in the office of the clerk of the circuit court of the county where the real estate lies of a notice of such a lien." The last sentence of the sub-section says: "No such notice of a perfected lien shall be effectual against creditors or purchasers of the owner without notice unless it be filed within three months after the entire performance of the latter, or the entire furnishing of the material."

It is the contention of the appellees that the last sentence modifies the former one, and gives the material man three months in which to record his lien, and that if he does so, such a lien becomes effectual even against an innocent purchaser for value who bought the property within three months after the entire materials were furnished and before the record of the lien.

The decree appealed from seems to be based on this construction. If this be the proper construction, then there is a conflict in the meaning of the two sentences, for the first sentence affirmatively states the lien shall be acquired as to creditors and purchasers without notice *only* from the time of recordation. That is to say, it specifically provides that the recorded lien shall *only* be prospective in its operation, whereas the last sentence makes the lien *retroactive* in operation. Without meaning to deny the contention of appellees that the Legislature has the power, if it chooses to exercise it, to give such an effect to a lien, it seems to us the question is, did the Legislature intend to produce this result in this case. If they did intend this result, then probably the last sentence should be taken as the expression of the Legislative intent. Paragraphs 268 and 349, 1 Lewis' Sutherland Statutory Construction (2nd Ed.).

The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent. Paragraph 363 id. Most certainly a construction which results in bringing two sentences of the same section into conflict should be avoided, if it can be done without doing violence to the language used and the general intent of the whole section. The entire statute is to be considered in ascertaining the intent. Paragraph 368 id. Effect must be given to every part of the section, if it be reasonably possible to do so. Paragraph 380 id. Each part or section of a statute should be construed in

connection with every other part or section and so as to produce a harmonious whole. Paragraph 368 id; Curry et al. v. Lehman, 55 Fla., 847.

The mere literal construction of a section of a statute ought not to prevail if it is opposed to the intention of the Legislature apparent by the statute, and if the words are sufficiently flexible to admit of some other construction, it is to be adopted to effectuate that intention. Paragraph 376 id. Many other rules of interpretation of statutes might be referred to illustrating the earnest purpose of the courts to decree and carry into effect the intent of the Legislature.

Now we think the last sentence of the sub-section above quoted, without violence to its language, may be construed to mean that one furnishing material shall have three months after the entire furnishing of the material to record his lien, so as to secure his lien for twelve months after the record of the same (See Paragraph 2223, General Statutes, 1906) against persons who purchase the property or creditors who become such, *after the time of recording the lien*. There is no time limit upon recording in the first sentence of the sub-section, but there is an emphatic statement that the lien shall be good against creditors and purchasers *only* from the time of the record. The person furnishing materials has three months in which to record his lien. He may record it immediately, or he may, at his own risk, wait until near the end of that period. That is a matter of choice with him. But we cannot conceive it to be consistent with the plain meaning of the first sentence of the sub-section that he should be permitted to use his liberty of recording within three months, as a trap to catch an innocent creditor or purchaser. Thus construed, the whole section is harmonious in all its parts, and a construction is reached which is in harmony with the general and just rule that innocent purchasers without actual

notice are to be protected, unless they have constructive notice—for if proper constructive notice is given them, and they do not avail themselves of it, they have no one to blame but themselves.

The appellant, Axtell, acquired the property by purchase for a valuable consideration, after the completion of the buildings on the lot in question, without actual or constructive notice of the rights of the appellees, and that he did not have constructive notice is the fault only of the appellees.

We think the decree appealed from erroneous in giving the appellees superior rights to those of the appellant, and it is therefore ordered that the decree be reversed as to said appellant.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.