GAINESVILLE GAS & ELECTRIC POWER COMPANY, A CORPORATION, *Appellant*, v. CITY OF GAINESVILLE, *Appellee.*

1. Where there are specific allegations that the enforcement of rates prescribed by governmental authority for furnishing gas and electricity to the inhabitants of a city will cause a multiplicity of suits and irreparable injury to the gas company so that the remedy at law is apparently inadequate an injunction may be an appropriate remedy if the rates are not lawfully prescribed.

2. The provisions of Section 8, Article VIII and Section 30, Article XVI of the Constitution afford ample authority for the legislature by statute to empower the duly constituted authorities of a municipality to prescribe by valid ordinance just and reasonable rates to be charged for furnishing gas and electricity to persons within the city, by persons or corporations lawfully engaged in rendering such public service.

3. The provision of Section 2 of Chapter 5806, Acts of 1907, that "The Mayor and City Council shall have power by ordinance, to fix the maximum rate or rates to be charged for gas and electric lights, and all other public utilities, whether owned by the municipality or by any individuals, firm or firms, corporation or corporations," is embraced within the "one subject and matter properly connected therewith," which is "expressed in the title" of the act being "An Act

.......... extending and enlarging the territorial limits and powers of the City of Gainesville," as required by Section 16, Article III of the constitution.

4. Authority to fix maximum rates for furnishing gas and electricity, includes any authority that may be fairly implied as incidental to or reasonably necessary for the effectiveness of the power expressly given. This includes the fixing of reasonable rates for connections and the placing of meters &c.

5. Where practically all the municipal powers given to a city by legislative act are conferred upon "the mayor and city council" to be exercised "by ordinance," authority given "the mayor and city council,. ............ *by ordinance*' fix the maximum rate" for furnishing gas to the inhabitants of the city, is to be construed with reference to the authorized method of adopting ordinances; and the authority under such conditions may be exercised by *an ordinance* passed by a requisite vote of the city council over the mayor's veto.

6. The publication of a city ordinance for a given length of time *after its adoption* may not be essential to the validity of the ordinance when not controlled by statute.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*John E. Hartridge* and *W. S. Broome,* for Appellant;

*Robt. E. Davis,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree sustaining a demurrer to the bill of complaint and denying an injunction to restrain the enforcement of an ordinance passed by the city council over the mayor's veto prescribing rates of compensation for gas and electricity furnished to the inhabitants of the city of Gainesville, Florida.

As there are specific allegations that the enforcement of the prescribed rates will cause a multiplicity of suits and irremediable injury to the gas company, the remedy at law is apparently not adequate and injunction is an appropriate remedy if the rates are not lawfully prescribed. See Louisville & N. R. Co. v. Railroad Com'rs, decided at this term.

Section 8 of Article VIII of the constitution provides that "The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time." Under this provision of the constitution it is competent for the legislature by a duly enacted statute to confer any appropriate municipal power upon a city or town where no other provision or principle of organic law is violated.

Section 30 of Article XVI of the constitution is as follows: "The legislature is invested with full power to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons and corporations engaged as common carriers in transporting persons and property, or performing other services of a public nature; and shall provide for enforcing such laws by adequate penalties or forfeitures."

The above-quoted organic provisions are ample authority for the legislature by statute to empower the duly constituted authorities of a municipality to prescribe by valid ordinance just and reasonable rates to be charged for furnishing gas and electricity to persons within the city, by persons or corporations lawfully engaged in rendering such public service. See City of Tampa v. Tampa Water Works Co., 45 Fla. 600, 34 South. Rep. 631; Tampa Water Works Co. v. City of Tampa, 47 Fla. 338, 36 South. Rep. 174, affirmed in 199 U. S. 241, 26 Sup. Ct. Rep. 23.

Chapter 5806, Acts of 1907, "An Act amending sections 1, 2, 4, 8, 10 of an act entitled an act extending and enlarging the territorial limits and the powers of the City of Gainesville," etc.; in section 2 provides that, "The mayor and city council shall have the power by ordinance to fix the maximum rate or rates to be charged for gas and electric lights, and all other public utilities, whether owned by the municipality or by any individuals, firm or firms, corporation or corporations." The quoted authority given by the act is clearly embraced within the "one subject and matter properly connected therewith," which is "expressed in the title" as quoted, therefore the provisions of section 16 of Article III of the constitution are not violated. The authority given includes any authority that may be fairly implied as incidental to or reasonably necessary for the effectiveness of the power expressly given. This includes the fixing of reasonable rates for connections and the placing of meters, etc.

The authority conferred is specifically that "The Mayor and City Council shall have the power by ordinance, to fix" rates, etc. While this is not the usual language of authority given to the city, or to the city authorities, or to the city council, or the like, by ordinance to fix rates, etc., which ordinarily would be construed with reference to the usual powers of the council and with reference to the veto power of the mayor, yet the authority is explicitly and expressly required to be exercised by ordinance which clearly indicates that the legislative intent is that the authority conferred shall be exercised by ordinance adopted in the usual way with the mayor's approval or by passing it over his veto by the requisite vote of the city council.

Practically all the municipal powers given to the city of Gainesville are conferred upon "the mayor and city

council" to be exercised "by ordinance;" and it seems manifest that the affirmative concurrence of the mayor is not intended to be required; but only that the action shall be "by ordinance" passed in the usual way by the council approved by the mayor, or by the requisite vote of the council over the mayor's veto.

It does not appear by this record that the alleged failure to publish the ordinance for four consecutive weeks after its passage would affect the validity of the ordinance.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.