State *ex rel.* Johnson v. Patterson *et al.*—Opinion of Court.

THE STATE OF FLORIDA, *ex rel.*, IRA JOHNSON, *Relator*, v. J. H. PATTERSON, *et al.*, *Respondents.*

Opinion Filed May 26, 1914.

1. The legislative intent is the essence and vital force of a statutory enactment.

2. The object of Chapters 6469 and 6470, Acts of 1913, is to prevent corruption, fraud and deception of all kinds in primary elections, and the statutes shall be enforced to accomplish the legislative purpose.

3. If a person in good faith actually and in fact first announces or becomes a candidate for a county office at a time which is less than 25 days prior to the date of the primary election, he must, under Section 26 of Chapter 6469 qualify within the prescribed time and is required to file all the statements and to do all things prescribed for such a candidate to do after he in fact becomes a candidate; but he is not required to file statements of expenses at a time when he was not in fact a candidate.

This is a case of original jurisdiction.

Demurer overruled.

*Thos. B. Adams* and *Register & Donnell,* for Relator;

*Fleming & Fleming* and *J. S. Diver,* for Respondents.

WHITFIELD, J.—In mandamus proceedings it is in effect alleged that on May 12, 1914, the relator became a candidate for nomination to the office of member of the Board of Public Instruction, District No. 3, Duval County, Florida; that on May 13, 1914, relator filed with the Clerk of the Circuit Court for Duval County, the sworn state-

ment as to his qualifications to become a candidate as aforesaid in accordance with Chapter 6469, Act of 1913, and has in all respects complied with the provisions of said Chapter requisite to having his name printed on the official ballots as a candidate for the office aforesaid at the primary election to be held June 2, 1914; that the County Commissioners refuse to have his name so printed on the official ballots for the reason that the relator did not file with the Clerk a sworn statement of his expenses as such candidate twenty-five days prior to the date of the primary to be held June 2, 1914; that relator had not prior to May 12, 1914, announced to any person or to the public that he was a candidate for member of the Board of Public Instruction as aforesaid; that prior to May 12, 1914, relator was not at any time a candidate for member of the Board of Public Instruction as aforesaid, nor for any other office, and therefore relator was *not a candidate* on May 8th, 1914, the day on which all who were *at that* time candidates, were by Section 19, Chapter 6470, Acts of 1913, required to file sworn itemized statements of their campaign expenses, but relator did announce his candidacy on May 12, 1914, and did on May 13, 1914, file with the Clerk of the Circuit Court his sworn statement as required by Sections 22, 24 and 26 of Chapter 6469, Acts of 1913. The object of the proceedings is to require the County Commissioners to place relator's name on the official ballots to be used at the primary election to be held on June 2, 1914, upon the theory that as relator did become a candidate in time to qualify and did comply with the law after he became a candidate on May 12, 1914, and as relator did not become a candidate until within less than twenty-five days before the date of the primary election he is not by law required to comply with the provision of the statute commanding an expense account to

be filed "not more than thirty days nor less than twenty-five days prior to the primary." By demurrer the respondents admit all the material allegations set up by the relator.

Section 22 of Chapter 6469, Laws of Florida, Acts of 1913, requires every candidate for nomination to any office to file a sworn statement containing specific matters relative to his qualifications and also a statement "that he has paid the assessment levied against him as a candidate for said office." Section 24 requires a filing fee to be paid. Section 26 is as follows: "Each candidate for nomination for an office to be voted for wholly within a single county shall file his sworn statement and receipt for committee assessment, if any has been levied, with, and pay his filing fee herein required to, the Clerk of the Circuit Court of said County, who shall receive the same in his capacity as Clerk of the Board of County Commissioners of said county, not less than twenty days previous to the day of the primary election." Section 27 provides: "Each person who shall have filed his sworn statement and paid his filing fee and committee assessment, if any, as herein required, shall be entitled to have his name printed on the official primary election ballot;  *   *   *" Sections 13, 19 and 20 of Chapter 6470 provide:

"Sec. 13. That the word 'candidate' in this Act means any person who has announced to any person, or to the public, that he is a candidate for a certain office."

"Sec. 19. That each and every candidate for nomination in a primary election, be and he is hereby required to file in the office of the Clerk of the Circuit Court of the county in which he resides if he is a candidate for State Senator, Representative in the Legislature or for any county office or position, or in the office of the Secretary of State if he is a candidate for a national or State office

or position, detailed itemized statements of his campaign expenses as follows, to-wit: Not more than thirty days nor less than twenty-five days prior to the primary, also not more than twelve nor less than eight days prior to the primary, and within ten days after the day of the primary, he shall so file statements giving in itemized detail form including names, items and detail amounts covering all of the expenditures made directly or indirectly by him or by any other person acting for him, and all obligations, debts or liabilities assumed or incurred on account of his candidacy up to three days prior to the day on which such statements are presented to be filed as herein required. These statements shall include the names of all contributors to his campaign fund, with amount given by each, and a list of all gifts, loans or contributions made on account of his candidacy.  Such statements shall also set forth that the same is as full and explicit as said candidate is able to make; and he shall also, before some officer, qualified to administer oaths, take, subscribe to and file with said statement the following oath: 'I do solemnly swear that the statement herewith filed embraces all money spent by me or in my behalf, with my knowledge and consent through or by any other person; that I have neither directly or indirectly, arranged, encouraged, or connived at the spending of any money other than as shown in my said statement; that I have not repaid any money so spent, or claimed to have been so spent, and that I will not do so, and that I have not violated any of the provisions of the laws governing primary elections and the expenditure of funds in connection with a candidacy for a nomination in a primary, in letter or in spirit, so help me God.' "

"Sec. 20.  That any candidate who fails to make and file the statements required by Section 19 of this Act, in the

form and at the time specified, shall not have the right to have his name placed upon the ballot to be used in the primary election, and those intrusted with the prepara-tion of such primary ballots shall, upon the certificate of the officer with whom said statements are required to be filed, that a candidate has failed to file such statement or statements, omit his name therefrom.    *    *    *."

The quoted provisions of Chapter 6469 relate to the act of qualifying as a candidate, while the quoted provisions of Chapter 6470 relate to filing expense accounts of those who have expressly or impliedly announced their can-didacy.

It is manifest from a consideration of all these statu-tory provisions taken together that the legislative intent which is the essence and vital force of the law is that all persons who are candidates for nomination at a time more than twenty-five days prior to a primary election, shall make and file the statements at the times and as required by Section 19 of Chapter 6470; and that, in order to qualify as such, "each candidate for nomination for an office to be voted for wholly within a single county shall file his sworn statement    *    *    not less than twen-ty days previous to the day of the primary election," as required by Section 26 of Chapter 6469. If a person in good faith actually and in fact first announces or becomes a candidate for a county office at a time which is less than 25 days prior to the date of the primary election, he must under Section 26 of Chapter 6469 qualify within the prescribed time and is required to file all the state-ments and to do all things prescribed for such a candidate to do after he in fact becomes a candidate; but he is not required to file statements of expenses at a time when he was not in fact a candidate. Of course the statutes do not

contemplate any conduct that will evade the requirements of the law by postponing announcements of candidacy or otherwise. The object of the law is to prevent corruption, fraud and deception of all kinds, and the statutes should be enforced to accomplish the legislative purpose.

The relator being a "candidate for nomination for an office to be voted for wholly within a single county," and having actually become a candidate not earlier than May 12, 1914, which was less than 25 days before the date of the primary election to be held on June 2, 1914, he was not required to file a statement before he became a candidate; and having become a candidate in time to file the statements and to do the things required by Sections 22, 24 and 26 of Chapter 6469, Acts of 1913, to be done to qualify him as a candidate for nomination for the county office mentioned, and having qualified and filed statements and complied with all the requirements of law since he became a candidate in time to qualify as such, he is entitled to have his name printed upon the ballots to be used at the primary election on June 2, 1914, and appropriate process will issue to that effect.

It is not necessary to discuss questions sought to be presented respecting the validity and construction of various provisions of the two statutes referred to herein, since the conclusion reached on the main point as to the requirements of a county candidate by considering the two acts together will dispose of this controversy.

The demurrer is overruled.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.