R. C. HAMMERS, *Plaintiff in Error,* v. SOUTHERN EXPRESS
COMPANY, A CORPORATION, *Defendant in Error.*

## Opinion Flied June 12, 1920.

Where goods are delivered to a common carrier for transporta-
tion, and the consignor, being present where the goods are,
attempts to sell and actually deliver the goods to a person
there present, in violation of Federal law, an apparently
lawful seizure of the goods by Federal officers as an incident
to the arrest of the consignor for violating the Federal law
in attempting to unlawfully sell and deliver the goods,
exempts the carrier from liability for the value of the goods,
where the seizure amounts to a *vis major,* and the carrier
is not at fault in the premises.

A Writ of Error to the Circuit Court for Hillsborough
County; F. M. Robles, Judge.

Judgment affirmed.

*McKay* & *Withers,* for Plaintiff in Error;

*W. A. Carter,* for Defendant in Error.

WHITFIELD. J.—The declaration herein in effect alleges
"that heretofore, to-wit, on the 2nd day of April, 1917,
the said defendant was a common carrier of goods and
chattels for hire, in and by a certain train of railway
cars and in and by certain express cars, from a certain
place, to-wit, from the City of Tampa, in the State of
Florida, to a certain other place, to-wit, to the City of
New York, in the State of New York. And the defend-
ant being such carrier as aforesaid, the plaintiff hereto-
fore, to-wit, on the day, month and year first aforesaid,
at the special instance and request of the said defendant,

caused to be delivered to the said defendant, so being such carrier as aforesaid, certain goods and chattels, to-wit, one box of medicine, the property of said plaintiff, of great value, to-wit, of the value of $1,750.00, to be taken care of and safely and securely carried and conveyed by the said defendant, as such carrier as aforesaid, in and by the said train of railway cars and in and by the said express cars, from Tampa, aforesaid, to New York City, to be safely and securely delivered by the said defendant for the said plaintiff to a certain person named Joe Peak, and certain charges thereon collected. And in consideration thereof, and of certain reward to the said defendant in that behalf, it, the said defendant, then, to-wit, on the day, month, and year aforesaid, undertook and faithfully promised the said plaintiff, in and by its certain bill of lading or express receipt, which it then and there issued, signed and delivered to the plaintiff, to take care of the said goods and chattels and safely and securely to carry and convey the same in and by the said train of railway cars and in and by the said express cars, from Tampa, aforesaid, to New York City, aforesaid, and there, to-wit, at New York City, the place last mentioned, safely and securely to deliver the same for the said plaintiff to the said Joe Peak, and before the said delivery to the said Joe Peak to collect for the plaintiff, and on account of the said shipment, from the said Joe Peak the sum of Seventeen Hundred and Fifty ($1,750.00) Dollars, which sum was named in the said express receipt or bill of lading as and which sum was the true value of the said goods and chattels, and which sum the said defendant in and by its said contract, receipt and bill of lading agreed to collect on or before delivery and the same to remit and return to the plaintiff with all due expedition. And the said defendant, as such

carrier aforesaid, then had and received the said goods and chattels for the purpose aforesaid.

"Yet the said defendant, not regarding its duty as such carrier, nor its said promise and undertaking so made as aforesaid, but contriving and intending to deceive and injure the said plaintiff in this behalf, did not and has not performed its said covenant, promise and undertaking, in this, that the said defendant carried the said goods and chattels to the destination aforesaid, and thereupon failed and refused to deliver the same to the said Joe Peak or to collect the sum aforesaid from the said Joe Peak or to remit the said sum to the plaintiff; but, on the contrary, the said defendant so carelessly and negligently behaved and conducted itself with respect to the said goods and chattels that by and through the mere carelessness, negligence, connivance and the improper conduct of the said defendant and its servants in this behalf the said goods and chattels were delivered by the said defendant to a person or persons other than the consignee, Joe Peak, which person or persons had no right or authority to receive the same, and the said defendant then and there, and from thence hitherto, did and has wholly neglected either to collect the sum aforesaid or any other sum on delivery, or to remit to this plaintiff the said sum or any other sum, or to return to the said plaintiff the said goods and chattels, but to do the same has wholly failed and refused. By reason whereof the said goods and chattels, as well as the said sum of money, became and were wholly lost to the said plaintiff. And plaintiff avers that claim for the above loss, damage and delay was duly made by him in writing, through his attorneys, to the said defendant at the point of origin, to-wit, Tampa, Florida, and within four months from the time of the occurrences aforesaid:

"Nevertheless, the said defendant, not regarding its said several promises and undertakings, hath not kept, performed or fulfilled the same or either of them, although often requested so to do, but hath broken the same as aforesaid, to the damage of the said plaintiff of Three Thousand ($3,000.00) Dollars. And therefore the plaintiff institutes this action of trespass on the case."

The following plea was sustained by the court:

"And for a third plea to each and every count of said declaration, defendant says that the plaintiff ought not to have or maintain his action against this defendant, for that the shipment mentioned and set out in each count of said declaration was one and the same shipment, to-wit, 25 ounces, more or less, of morphine sulphate and 25 ounces, more or less, of cocaine hydrochlorine and that the said shipment was from the City of Tampa, in the State of Florida, to the City of New York, in the State of New York, and that the plaintiff at the time of delivery of said shipment to the defendant misbranded said shipment in this, to-wit, that he branded said shipment as 'Medicine' and did not upon said package at any place set out or state, that the same contained morphine sulphate or cocaine hydrochlorine, and at the time of said shipment there was in force a valid statute of the United States of America, designated as the 'Anti-Narcotic Law,' prohibiting the sale, barter or gift of morphine sulphate and cocaine hydro chloride, except in pursuance of a written order of persons to whom the said articles were sold, bartered or given, on a form to be issued in blank by the Commissioner of Internal Revenue, and making such sale, barter or gift a misdemeanor.

"And the said defendant further says that the goods mentioned in each count of the declaration in this cause

were one and the same, to-wit, sulphate morphine and cocaine hydro chloride, and that when the said goods had reached the City of New York in the State of New York, and were in the possession of the agents of this defendant, the said plaintiff did, in the said City and State of New York, in violation of the statute aforesaid, sell, barter and give away the same to a man by the name of William H. Fowle. Said sale, barter and gift was then and there made not in pursuance of a written order of the person to whom the said goods were sold, bartered or given, on a form issued by the Commissioner of Internal Revenue, and that thereupon the said officers of the law, while said goods aforesaid were in the office of this defendant and while the said plaintiff was in the office of this defendant, attempting to make delivery of said goods to said William H. Fowle, arrested the said plaintiff for the violation of said statute aforesaid, and the said goods in said declaration mentioned were seized by the said officer of the law to be used as evidence against the said plaintiff in a trial for the violation of said law. And thereafter, the said plaintiff was duly indicted in the District Court of the United States for the Southern District of New York, for the violation of said law, as herein set out, and the said goods aforesaid were used in evidence in said cause against the plaintiff, and the said plaintiff was then and there duly convicted of the violation of said law, as herein set out, and the said plaintiff gave notice of an appeal from this said conviction aforesaid, and the said goods herein set out were and still are, in the possession of the Government of the United States, for the purpose of being used as evidence in the trial of said cause against the plaintiff, in the event

for any reason, the said conviction of the said plaintiff is reversed.

"All of which the defendant is ready to verify."

Plaintiff refusing "to reply to or to take original issue on the said third plea of the defendant," it was "adjudged by the court that the plaintiff's action be dismissed for want of prosecution." A writ of error was taken by the plaintiff. In support of the overruled demurrer to the third plea, "the contention of the plaintiff in error is:

"(1) That even though such fact were material, the plea shows no violation on his part of either of the Acts of Congress referred to.

"(2) That the violation of such laws would be immaterial in any event, even if shown, because the cause of action against defendant in error is an independent one, disconnected from the supposed illegal act, and founded upon a distinct and collateral consideration.

"(3) That the alleged seizure of the goods by officers without legal process would furnish no defense to the carrier."

This is a judgment of dismissal upon refusal of the plaintiff to go to trial on a plea to the merits held to be good, not a judgment *quod recuperet* on the refusal of the defendant to plead further or to amend a plea to the merits held to be bad. If at a trial the plaintiff had proven the cause of action stated in his declaration and the defendant had not proven a defense under the plea, a judgment for the defendant could be reversed on writ of error. But where a plea to the merits under which a defense may be proven is sustained on demurrers, and

the plaintiff refuses to go to trial on the plea, a judgment of dismissal because of such refusal will be affirmed.

Where a plea to the merits is of such a nature that under it a defense to the action may be proven, the plea should be sustained on demurrer; see F. E. C. Ry. v. Chesser, 77 Fla. 57, 80 South. Rep. 750; and if the plea is so framed as to prejudice or embarrass or delay a fair trial of the action, compulsory amendment thereof may be had under the statute. §1433 Gen. Stats. 1906.

A common carrier of goods is liable as an insurer for the value of the loss of or damage to goods received for shipment and injured in transit or not delivered at destination to the consignee, unless, without fault on the part of the carrier, such injury is caused or such delivery is prevented by an Act of God or by a public enemy, or by the inherent nature of the goods, or by the law, or by the person entitled to the goods or his agent.

Every contract for the transportation of goods by a common carrier is subject to a proper exercise of the police power of the State in which the shipment is made and to the Federal authority over the subject-matter and the means of transportation.

Where goods are delivered to a common carrier for transportation, and the consignor, being present where the goods are, attempts to sell and to actually deliver the goods to a person there present, in violation of Federal law, an apparently lawful seizure of the goods by Federal officers as an incident to the arrest of the consignor for violating the Federal law in attempting to unlawfully sell and deliver the goods, exempts the carrier from liability for the value of the goods, where the seizure

amounts to a *vis major* and the carrier is not at fault in the premises.

The Federal statute alleged to have been violated regulates the sale of opium and its derivatives. Sec. 6287h, U. S. Comp. Stats. Morphine is a derivative of opium. See Webster's Dic., "Morphine." The sale here alleged to have been attempted was unlawful. United States v. Doremus, 249 U. S. 86, 39 Sup. Ct. Rep. 214.

The unlawful sale set up in the plea appears to be a felony under the Federal law. Sec. 335, U. S. Crim. Code; Secs. 6287h and 6287o, U. S. Comp. Stats. 1918.

Officers of the Government have authority to make arrests for the commission of or for attempts to commit felonies in their presence. See Kurtz v. Moffitt, 115 U. S. 487, 6 Sup. Ct. Rep. 148; Roberson v. State, 42 Fla. 223, 28 South. Rep. 424; 10 C. J. 282; 2 R. C. L. 447.

Where an officer arrests a person who is attempting to commit a felony by endeavoring to make an unlawful sale and actual delivery of property belonging to the person so arrested, which property is in the custody of a common carrier as bailee for the owner, and the officers making the arrest, and as an incident to the arrest, seizes the property for use as evidence against the person arrested, the carrier will be exempt from liability for the property, if the officers acted within their apparent authority and had power to enforce the authority asserted, and the carrier is not negligent or at fault in yielding to the official seizure of the goods. See 5 C. J. 434; Spaulding v. Preston, 21 Vt. 9; Getchell v. Page, 103 Me. 387, 69 Atl. Rep. 624, 18 L. R. A. (N. S.) 253 and Notes. See also American Express Co. v. Mullins, 212 U. S. 311, 29 Sup. Ct. Rep. 381, 15 Ann. Cas. 536; Ala-

bama & Vicksburg Ry. Co. v. Tirelli, 93 Miss. 797, 48 South. Rep. 962, 17 Ann. Cas. 879; Railroad Company v. O'Donnell, 49 Ohio St. 489, 32 N. E. Rep. 476, 34 Am. St. Rep. 579; Eager v. Jonesboro, Lake City & Eastern Exp Co., 103 Ark. 288, 147 S. W. Rep. 60; Southern Ry. Co. v. Heymann, 118 Ga. 616, 45 S. E. Rep. 491; Danciger v. Atchison, T. & S. F. Ry. Co. (Mo. App.) 179 S. W. Rep 800.

The plea in this case indicates the presence of a *vis major* when the seizure of the goods was made by officers of the Government as a proximate result of the plaintiff consignor's wrong-doing, and no negligence or conni- vance of the carrier appears. The plaintiff cannot profit by his own wrong at the expense of the carrier who was not at fault.

In substance the declaration alleges a delivery of goods to the carrier for interstate shipment, and "that by and through the mere carelessness, negligence, connivance and the improper conduct of the said defendant and its servants in this behalf the said goods and chattels were delivered by the said defendant to a person or persons other than the consignee, Joe Peak, which person or persons had no right or authority to receive the same."

The plea in effect avers that the goods mentioned in the declaration were morphine sulphate and cocaine hydro chlorine and were in the possession of defendant when plaintiff in violation of the Federal law, did sell, barter and give away the same to W. H. Fowle; and that therefore the officers of the law, while the goods were in the office of the defendant and while plaintiff was in the office of the defendant, attempting to make delivery of said goods to said Fowle, arrested the plaintiff for the said violation of the Federal law, and the goods were

seized by the said officer of the law to be used as evidence against plaintiff in a trial for the violation of said law; that thereafter plaintiff was duly indicted and duly convicted for said offense, and the goods were and still are in the possession of the United States, for the purpose of being used as evidence in case a new trial is granted to the plaintiff.

Even if this plea was subject to compulsory amendment for defects in its frame, its averments are sufficient as a basis for proving a complete defense to the action and the demurrer to the plea was properly overruled.

As the plea avers that the seizure of the goods was made while the plaintiff consignor was in person in the carrier's office attempting to deliver the goods pursuant to an unlawful sale of them, the seizure was apparently an incident to the arrest; and it does not seem to be material whether the plaintiff had the goods on his person or in his actual custody. He cannot hold the carrier responsible for a seizure of the goods under the circumstances stated in the plea by an officer of the Government whose laws were being violated by the plaintiff. In such circumstances the unlawful act of the plaintiff was the proximate cause of the seizure of the goods and the carrier does not appear to have been negligent or at fault. As the seizure of the goods was an incident to the arrest, it was not necessary for the officer to have a warrant or process for the seizure, and the averments of the plea indicate that the officer was acting under apparent authority, with power to enforce his authority, which shows a *vis major*, relieving the carrier of responsibility for the seizure as to which the carrier was apparently not negligent or at fault. A public carrier cannot be required or permitted to resist the authority of Government officials. The plea does not indicate connivance or

negligence of the carrier. This conclusion is not in conflict with Silverthorne, etc., v. U. S., 40 Sup. Ct. Rep. 182, decided January 26, 1920.

As the plaintiff refused to go to trial on the plea that was good as against the demurrer, the action was properly dismissed.

Affirmed.

BROWNE, C. J., AND TAYLOR, AND WEST, J. J., concur.

ELLIS, J., dissents.