W. H. DOWLING AND N. G. WADE, *Plaintiffs in Error*, v.
THE FIDELITY MUTUAL LIFE INSURANCE COMPANY,
A CORPORATION, *Defendant in Error*.

Opinion Filed February 24, 1921.

Petition for Rehearing Denied April 1, 1921.

Where a plea is so framed that a defense may be proven under
it, a demurrer thereto should not be sustained.

A Writ of Error to the Circuit Court for Duval
County; Daniel A. Simmons, Judge.

Judgment reversed.

*J. T. G. Crawford* and *H. L. Anderson*, for Plaintiffs in
Error;

*W. H. Baker* and *E. J. L'Engle*, for Defendant in
Error.

PER CURIAM.—In an action on a surety bond, given to
an insurance company by its agent, having express
reference to an employment contract, pleas were filed
under which a defense may be proven by appropriate
evidence as to the course of dealing between the agent
and the company in violation of the contract of employ-
ment, which may have operated to release the sureties,
upon the general principles stated in Fidelity Mutual
Life Association v. Dewey, 83 Minn. 389, 86 N. W. Rep.
423, 54 L. R. A. 495, and other like cases; and as such
pleas were not wholly bad for the purpose stated, it was
error to sustain the demurrers thereto. Tedder v. Green,

79 Fla. 584, 84 South. Rep. 623. Writ of error was taken to a final judgmen rendered for the plaintiff.

Reversed for appropriate proceedings.

On Petition for Rehearing.

PER CURIAM.—The writ of error was taken by the two defendants W. H. Dowling and N. G. Wade and the only assignment of error is that "The court erred in sustaining the plaintiff's demurrer to the first, second, third and fifth amended pleas to the amended declaration." The pleas referred to are those of the defendant N. G. Wade. The record recites that "the defendants filed separate but identical pleas to said declaration, one set of said pleas being in the words and figures as follows:" setting out the pleas. The record also recites that "the plaintiff filed separate but identical demurrers to said amended pleas, one of said demurrers being in the words and figures as follows:" setting out the demurrer and the grounds thereof.

The order and judgment of the court are as follows:

"This cause came on to be heard this day on the demurrer of the plaintiff to the first, second, third, fourth and fifth, and motion to strike the first, second and fifth amended pleas of the defendant N. G. Wade filed herein on April 2nd, 1917, and upon the demurrer of the plaintiff to the first, second, third, fourth and fifth and motion to strike the first, second and fifth amended pleas of the defendant W. H. Dowling filed herein April 2nd, 1917, and said demurrers and motions having been argued by counsel, thereupon upon consideration thereof:

"It is considered by the court that the said demurrers, and each of them, be and they are hereby severally sustained as to the first, second, third, fourth and fifth amended pleas of the defendant N. G. Wade and as to the first, second, third, fourth and fifth amended pleas of the defendant W. H. Dowling.

"It is further considered by the court that the demurrers having been sustained the motions be not passed on.

"And it is further considered by the court that the defendants N. G. Wade and W. H. Dowling having severally refused to request leave to plead further, the plaintiff, The Fidelity Mutual Life Insurance Company do have and recover of and from the defendants N. G. Wade and W. H. Dowling its damages in this cause wrongfully sustained and to be hereafter herein assessed."

The "directions for making up transcript of record" filed by counsel for the plaintiffs in error under the rule of court governing that subject contains these items, viz.: "3. Recite that on the 2nd day of April, 1917, the defendants filed separate identical amended pleas to the amended declaration." "5. Recite that the plaintiff filed separate identical demurrers to said amended pleas."

The purpose of Special Rule 2 of the Supreme Court Rules as shown by its provision is that "Hereafter no transcripts of record in civil causes, either at law or in equity, made up for the Appellate Court shall contain any papers, matters or proceedings that are not necessary for a clear and full presentation of some point or question raised by the assignment of errors to be relied upon in the Appellate Court."

If the pleas of the two defendants are identical, the purpose of the rule would be ignored by copying both

sets of pleas into the transcript brought here, when by recitation the identify of the pleas could be shown. The directions to the Clerk for making up the transcript under the rule very properly required a recitation by the Clerk that the two sets of pleas are identical, one set of which was directed to be included in the transcript, and counsel for the defendant acquiesced therein by not requiring the other set of pleas to be included in the transcript. If the pleas omitted are not identical with the set that was incorporated in the transcript, opposing counsel could have directed them to be included. The order of the court acted upon the two sets of pleas together.

As no one of the pleas referred to in the assignment of error appears to be good against the demurrer as interposed, the assignment was well taken. The principle announced as controlling the question presented, as to the rights of sureties under the circumstances shown by the record, is not regarded as being in conflict with the jurisprudence of this State.

Rehearing denied.

All concur.