J. H. WINCHESTER, *Plaintiff in Error,* v. ANTON HAK, JR., *Defendant in Error.*

Division B.

Opinion filed December 7, 1929.

*Van Fleet, Collins* and *Miller,* for Plaintiff in Error;

*Booth & Dickinson,* for Defendant in Error.

WHITFIELD, P. J.—This is an action by the payee against the maker of a note, which note contains the following:

"On or before May 20, 1928, after date promise to pay to the order of Anton Hak, Jr., at Central National Bank and Trust Company, St. Petersburg, Fla., Nine Hundred and 00/000 Dollars (900.00) for value received, with interest at the rate of ten per cent per annum from date until paid. Including attorneys fees and all costs if collected by an Attorney, or by

suit. This note is secured by pledge of the securities mentioned on the reverse hereof, delivered with this note, as collateral security.'' etc.

and is signed: J. H. Winchester. The defendant pleaded:

"That plaintiff is not the owner of the note in action. That said note was executed by defendant under the following circumstances and upon the following terms and conditions, and not otherwise:

"That at and before the date of said note, one Erle Renwick was indebted to plaintiff in the approximate sum of Three Thousand Dollars ($3,000.00); that it was agreed and understood by and between plaintiff, and said Renwick, and defendant that in consideration of a conveyance by said Renwick to defendant of an undivided three-tenths (3/10) of Lots Twelve (12), Thirteen (13), Fourteen (14), and Fifteen (15) (except twenty feet off of west portion of Lots 12 and 13), E. A. Barnard's subdivision in city of St. Petersburg, Pinellas County, State of Florida, defendant would pay to plaintiff Nine Hundred Dollars ($900.00) of said debt of Renwick to plaintiff; that pursuant to said agreement, and as evidence of said Nine Hundred Dollars ($900.00) to be paid by defendant as aforesaid, defendant executed the note in action; that upon execution of said note, by agreement between plaintiff and defendant, said note was placed in the trust department of Central National Bank and Trust Company of St. Petersburg, Florida; that it was further understood and agreed by and between plaintiff and defendant that said note would be delivered to plaintiff upon delivery by said Renwick to said bank, of a deed or other paper writing conveying to defendant said undivided three-tenths

(3/10) of the property above described; that no interest whatever in said property or in any property, was ever conveyed to or for defendant and defendant never received nor acquired anything of any nature for or in consideration of said note; that said note was never delivered by or for defendant to plaintiff, or to any person for plaintiff; that said note is entirely without consideration.

"Defendant further says that he is informed and believes and on said information and belief alleges that the Nine Hundred Dollars ($900.00) to have been assumed by defendant and paid to plaintiff for an interest in said property, was secured by a lien owned and held by plaintiff upon and against said property; that subsequent to the date of the note in action, plaintiff by suit in this court, foreclosed his said lien, and that plaintiff purchased said property at the sale under a decree therefor in said foreclosure suit and that plaintiff is now the owner of all of said property; that defendant has, at all times, continuously from and including the date of said note, been and now is ready, able and willing and hereby offers to pay to plaintiff said Nine Hundred Dollars ($900.00) upon receipt of a conveyance to him of an undivided three-tenths (3/10) of said property."

Plaintiff demurred to the plea on grounds that it (1) is vague, indefinite and uncertain, (2) is inapplicable as a defense to the cause of action; (3) attempts to lay foundation for the introduction of illegal evidence; (4) attempts to alter the terms of a written instrument; (5) is duplicitous; (6) does not set forth sufficient facts to apprise the defendant (plaintiff) of the defense sought to be alleged.

The court sustained the demurrer and rendered the following judgment:

1074

"This cause coming on this day to be heard upon motion of Booth and Dickenson, attorneys for plaintiff, Anton Hak, Jr., for the entry of final judgment against the defendant, J. H. Winchester, and it appearing to the Court that an order was made and entered on the 11th day of January, 1929, sustaining the demurrer of plaintiff to the plea filed by the defendant in said cause, and it further appearing to the Court that defendant, by and through his attorney, has refused to plead further, and it further appearing to the Court that the plaintiff has filed herein one original promissory note sued up, and it being ascertained and determined from proof produced and filed herein that the defendant J. H. Winchester is indebted to the plaintiff in the sum of $900.00 as principal, and in the further sum of $150.50 as interest, and in the further sum of $150.00 as attorney's fees.

"IT IS THEREFORE considered by the Court and so ordered and adjudged that the plaintiff, Anton Hak, Jr., do have and recover of and from the defendant, J. H. Winchester, the sum of $1,200.50 as damages herein sustained, and also the costs in this behalf expended, and herein taxes as $14.70, for which sum let execution issue."

The action being between the original parties to the note, the plea does not wholly fail to state a defense to the action and the demurrer should have been overruled. Ulmer v. First National Bank, St. Petersburg, 61 Fla. 460, text 469, 55 So. R. 405; First National Bank of St. Petersburg v. Ulmer, 66 Fla. 68, text 78, 63 So. R. 145; Hammers v. So. Ex. Co., 80 Fla. 51, 85 So. R. 246; Fla. East Coast Ry. Co. v. Chesser, 77 Fla. 57, 80 So. R. 750; Tedder v. Green et al., 79 Fla. 584, 84 So. R. 623; Dowling et al. v. Fid. Mut. Life Ins. Co., 81 Fla. 222, 87 So. R. 749.

The allegations of the declaration as to attorney fees are

"that in and by said note said defendant agreed to pay reasonable attorney's fees in case said note had to be collected through an attorney; that there has been no part of said note paid, either principal, interest or attorney's fees; that there is now due and owing to plaintiff the sum of Nine Hundred Dollars ($900.00) as principal, together with interest thereon at the rate of ten per cent per annum from May 17, 1927, and reasonable attorney's fees and costs; that the plaintiff is now the owner and holder of said note."

A provision of the judgment is that

"it being ascertained and determined from proof produced and filed herein that the defendant is indebted to the plaintiff in the sum  *  *  *  of $150.00 as attorney fees."

Even if the "proof" referred to appeared in the transcript brought here on appeal to support the judgment for attorney fees, the declaration does not contain allegations that are an essential predicate to a judgment for attorney fees in an action on a promissory note in which the maker agrees to pay attorney fees if suit is brought to collect the amount due on the note.

"The promise of the maker of a promissory note to pay attorney's fees is a contract of indemnity to protect the holder of the note against expenditures necessarily made or incurred to protect his interest.

"In a suit upon a promissory note, the amount recovered from the maker upon his promise to pay attorney's fees cannot exceed the amount the holder of the note has paid, or obligated himself to pay, for the services of an attorney in collecting the note.

''To authorize the recovery of attorney's fees against the maker of a promissory note, it must be alleged and proved, not only that the maker promised to pay a fee upon the happening of a stated contingency, and that such contingency has happened, but that the holder of the note has paid or incurred a valid liability for the services of his attorney.'' Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 775, 124 So..R. 41.

Reversed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J., concur in the opinion and judgment.