REALTY BOND & SHARE COMPANY, a Corporation, organized and existing under the Laws of the State of Delaware, and authorized to do business in the State of Florida, *Plaintiff in Error*, vs. MYRTLE B. ENGLAR, a Free Dealer, *Defendant in Error*.

143 So. 152.

330

En Banc.
Opinion filed February 23, 1932.
Petition for rehearing denied May 3, 1932.

*Marshall F. Sanders,* Attorney for Plaintiff in Error; *LeSuer Gaulden,* Attorney for Defendant in Error.

DAVIS, Commissioner.—The action in this case is based upon a promissory note under seal. The defendant filed four "amended" pleas and an "additional" or fifth plea to the declaration. The plaintiff demurred to, and also moved to strike, all of these pleas and each of them severally. The demurrers were sustained and the motions were granted and thereupon, final judgment was entered for the plaintiff for the amount found to be due the plaintiff including attorneys fees.

The plaintiff in error has assigned as error, the ruling of the Court on the demurrer to the first, fourth and fifth pleas respectively, the ruling on the motion to each of said first, fourth and fifth pleas, and the inclusion in the judgment of a sum for attorneys fees.

The first amended plea reads as follows:

"That the sole consideration for the making, execution and delivery of the note sued upon was the executory agreement on the part of the plaintiff to procure the payment to the defendant of two certain mortgage notes, each dated January 12th, A. D. 1926, each being designated as Note No. 1, one of which was in the sum of Two Hundred Fifty-two Thousand Two Hundred Twenty-five Dollars ($252,225.00), and secured by a mortgage on lands in Brevard County, Florida, and the other in the sum of Forty-eight

Thousand Three Hundred Seventy-five Dollars ($48,375.00), and secured by a mortgage on lands in Indian River County, Florida, both of which were executed by San Sebastian Development Corporation. That said two notes above mentioned have matured and become due and the same have not been paid, and the plaintiff has failed to procure the payment of the same pursuant to her agreement to do so, as above mentioned, and has made no effort whatsoever to procure the payment of said notes or to otherwise perform her said agreement, and the consideration for the note sued upon has thereby failed.''

In Sumter State Bank vs. Hays, 68 Fla. 473, 67 So. 109, this Court held that where an executory contract is the sole consideration for a negotiable note, the contract and its breach may be shown in defense of an action on the note by a holder who took it with knowledge of the contract. See also Odlin vs. Stuckey, 76 Fla. 42, 80 So. 291; and Barcus vs. Wood, 92 Fla. 763, 110 So. 265. Though a note is absolute in its terms, it is competent for the maker in an action by the payee, to plead and prove, if he can, a failure to perform a contemporaneous agreement which constituted the consideration for the note. Joyce on Defenses to Commercial Paper, page 422.

In the plea under consideration, it is alleged that the agreement of plaintiff to procure the payment to the defendant of the two notes referred to in the plea was the sole consideration for the execution and delivery of the note in suit, and that the plaintiff had not procured the payment of the said two notes pursuant to her agreement, though they had become due. We are of the opinion that the allegations of the plea as framed, are sufficient for the defense of failure of consideration to be proved under it, and that the Court erred in sustaining the demurrer and in granting the motion to strike it. Winchester vs. Hak, 98 Fla. 1071, 124 So. 812; Tedder vs. Green, 79 Fla. 584; Hammers vs. So. Exp. Company, 80 Fla. 51,

85 So. 246; McDaniel vs. Harrell, 81 Fla. 66, 87 So. 631; 13 A. L. R. 1333; Dowling vs. Fidelity Mutual Life Ins. Co., 81 Fla. 222, 87 So. 749. Since it appears that the said two notes had matured, it was not necessary to show the dates when they matured. We have examined the authorities cited by the defendant in error, but cannot see that they are applicable to this case.

In the fourth amended plea "the defendant reiterates as a part of this fourth amended plea, the recitations of the third amended plea in its entirety, and further alleges that the plaintiff has elected her remedy in the premises and has elected her forum, all of which are inconsistent with the remedies sought in this cause and one or more of said remedies are available to said plaintiff," and it concludes with a prayer for equitable relief.

The third "amended" plea purports to be on equitable grounds and alleges in substance that on March 2, 1927, an action was brought by one Bentley in the U. S. District Court in and for the Southern District of Florida for the recovery of a judgment upon the note in suit here, and that said action was still pending and though brought in the name of Bentley, it was for the use of the plaintiff; that on December 23, 1927, another action was brought by the plaintiff upon the same note in Indian River County, Florida, and that pleas in abatement and pleas in bar were filed in the cause, but it is not shown what disposition was made of the case, nor that it is still pending; that still another action was brought on the 16 day of March, 1928, by the plaintiff against the defendant, in which action the defendant appeared specially and moved the court to quash the service and set aside the return upon the summons. It is not made to appear what disposition was made of the motion, but it is shown that no declaration was filed in the cause; that on the day the instant suit was brought, but subsequent to the filing of the same, the plaintiff institued an action

in the same court against one R. H. Hemphill the declaration being, as alleged, "couched in such terms as would indicate a personal action for services of plaintiff against the said" Hemphill, but that the same was a "guise and subterfuge to indirectly charge the said R. H. Hemphill with the obligation sued upon" in the instant suit; that this action and the other suits are for the sole purpose of harassing and persecuting the defendant and its officers to the extent of requiring them to pay an unjust obligation, and the defendant prays that it have such equitable relief as may seem meet and proper.

"The prevention of a multiplicity of actions at law is one of the special grounds of equity jurisdiction and for that purpose the remedy by injunction is freely used." 32 C. J. 55; Gainesville Gas etc. Co. vs. Gainesville, 63 Fla. 425, 58 So. 785.

Pleas on equitable grounds in actions at law are purely defensive, and are never admissible when they raise issues with which the common-law side of the court is competent to deal. Harper vs. Bronson, decided this term; Pensacola Lumber Co. vs. Sutherland-Innes Co., 50 Fla. 244, 39 So. 789; Robinson vs. First Nat'l Bank, 42 Fla. 504, 29 So. 325; Spratt v. Price, 18 Fla. 289; Marshall vs. Brumby, 25 Fla. 619, 6 So. 480.

The pending of another suit may be set up in actions at law by pleas in abatement, but to be good they should allege that the former suit was pending at the time of filing of such plea; that the parties plaintiff and defendant are the same; that the same issue is joined in the former suit as in the suit before the court; that the subject-matter is the same and that the proceedings in the former suit were taken for the same purpose. Davant vs. Weeks, 78 Fla. 175, 82 So. 807; Glass vs. Hackett, 37 Fla. 358, 20 So. 532; Horter vs. Commercial Bank and Trust Co., 99 Fla. 678, 126 So. 909, 1 C. J. 75-8, 87, 84; 1 Enc. P. & Pr. 758, 761. The plea as a plea on equitable grounds, is

clearly insufficient and it is also insufficient if it should be regarded as a plea in abatement. The court committed no error in sustaining a demurrer to the plea.

The fifth or "additional" plea avers that the said note was executed by the defendant, delivered to and accepted by the plaintiff "as a real estate broker and a real estate salesman in finding a buyer and negotiating a sale for the defendant of certain real estate; that said service was performed in the State of Florida; that the said land was in Florida," and that said service was performed after May 26th, A. D. 1925, and prior to Sept. 27, A. D. 1925, and that at the time of the performance of said service, plaintiff had not complied with the laws of the State of Florida as to registration and payment of license fees as a real estate broker and as a real estate salesman.

Until Chapter 10233, Laws of Florida, 1925, went into effect on May 26th, 1925, a real estate broker or salesman could lawfully operate in Florida by obtaining a license and paying a fee therefor (Chapter 9177, Laws of Florida, 1923), but there was no provision in our law that would prevent an unlicensed broker or salesman from obtaining a judgment for services rendered in the sale or purchase of real estate. Harrison vs. Kersey, 67 Fla. 24, 64 So. 353. By the said Act of 1925, the Legislature re-enacted in substance, the provision that a real estate broker should pay a license fee. This statute also provided for a registration fee, and as a penalty for non-payment of the said fees, it provided that the broker or salesman should not be permitted to recover for services rendered or claimed to have been rendered, unless he, at the time of the transaction, had complied with the provisions of the Act, as to payment of license fees.

It is contended by the defendant in error that Chapter 9177, Laws of Florida, 1923, was repealed by the Act of 1925, and that in consequence of such repeal there was no law in Florida requiring a real estate broker or real

estate salesman to register, or to have a license covering the period of time between May 26th, and Sept. 30, 1925. On the other hand, the plaintiff in error contends that it is not liable because the subject of Section three of the Act, is the *payment* of the license and registration fees, and that the subject of Section twelve is the requirement that a license *be* obtained; that one Section makes it unlawful for doing business as a real estate broker or salesman *without having paid the fees,* and the other makes it unlawful for such broker or salesman to transact business after the time stated unless a license has been obtained, and that the case at bar is controlled by Section three.

While Chapter 10233, Laws of Florida, 1925, does not expressly repeal Chapter 9177, Laws of Florida, 1923, it was manifestly intended as a revision of the subject of the earlier Act. In cases where an act is intended to cover an entire subject of legislation, it operates to repeal former acts dealing with the same subject. State vs. Rose, 97 Fla. 710, 122 So. 225; Sparkman vs. State ex rel., 71 Fla. 210, 71 So. 34; Dees vs. Smith, 55 Fla. 652, 46 So. 173; Jernigan vs. Holden, 34 Fla. 530, 16 So. 413. See also, 25 R. C. L. 924.

Section 3 of said Chapter 10233, says "it shall be unlawful for any person, firm, partnership, co-partnership or corporation to do business as a real estate broker or salesman until they or it shall *have paid* the license and registration fee "provided for therein," while Section twelve of the same Act provides "that *on and after* the *30th day of September,* 1925, it shall be unlawful for any person, co-partnership, association or corporation to act as a real estate broker or real estate salesman, or to advertise without first obtaining a real estate broker's license."

We have held here "that the intent of a statute is the vital part, and the primary rule of construction is to

ascertain and give effect to that intent, and the entire statute should be construed and effect given to every part thereof, if it is reasonably possible to do so.'' Axtell vs. Smedley & Rodgers Hardware Co., 59 Fla. 430, 52 So. 710; State vs. Patterson, 67 Fla. 499, 65 So. 659; Willis vs. Special R. & B. Dist., etc., 73 Fla. 446, 74 So. 495; Getzen vs. Sumter County, 89 Fla. 45, 103 So. 104; State vs. Walton County, 93 Fla. 796, 112 So. 630; Heirs vs. Mitchell, 95 Fla. 345, 116 So. 81; State vs. Sullivan, 95 Fla. 191, 116 So. 255; Broward vs. Broward, 96 Fla. 131, 117 So. 691; State vs. Knight, 98 Fla. 891, 124 So. 461. See also, 25 R. C. L. 1009.

We have also held, that the legislative intent is to be determined from the language used, the subject-matter, the purpose designed to be accomplished, and all other relevant matters. Sparkman vs. State, 71 Fla. 210, 71 So. 34; A. C. L. Ry. Co. vs. State, 73 Fla. 609, 74 So. 595; State vs. Beardsley, 84 Fla. 109, 94 So. 660.

Under the provisions of Chapter 10233, the Governor was required to appoint a Real Estate Broker's Registration Board, whose duties are thereby and therein prescribed. Section three of the Act, requires a license fee and application fee to accompany each application for a license, which application ''shall be on a blank prepared and furnished by the Real Estate Broker's Registration Board.'' We cannot assume that the Legislature, in passing upon the measure, failed to take into consideration the time necessarily incident to organizing the said Board after its members had been appointed by the Governor, and getting everything in shape to put into effect the purposes of the Act. During the spring and summer of 1925, as this court knows, there was great activity in the real estate market in Florida, and that being true, for us to ascribe to the Legislature an intention to suspend, in effect, for a period of time, the making of real estate transactions by brokers and salesmen, and thereby stag-

nate the real estate market, such intention would have to be clearly expressed in the Act. Because of the provision that the Act should go into effect upon its becoming a law, we have no doubt that it was the intention of the Legislature that the machinery therein provided in order for the law to become effective, be put into motion at the earliest possible time. However, construing Sections three and twelve together, we are impelled to the conclusion that it was not the intention of the Legislature to make it unlawful for real estate brokers and real estate salesmen to do business and subject themselves to the prescribed penalties, prior to September 30, 1925. This would seem to be the common-sense construction to be placed upon the said two Sections. Where the meaning of a statute is at all doubtful, the law favors a rational, sensible construction. 25 R. C. L. 1018; Northern P. Ry. Co. vs. U. S., 213 Fed. 162, 129 C. C. A. 514; L. R. A. 1917 A, 1198. If it was not impossible, it was not practicable, for the members of said Board to be appointed by the Governor, to perfect an organization and then prepare application blanks and distribute them to real estate men over the entire state on the very day the statute became a law. It is incredible that the Legislature intended to subject brokers and salesmen to the penalties prescribed for failure to pay the fees called for by the Act until they had had an opportunity to comply with its terms. An interpretation that would require us to hold that a real estate broker or salesman may not enforce payment of his commission for making a sale, consummated, for instance, on the 27th day of May, 1925, contrary to the strict letter of said Section Three, would be so unreasonable, unjust and oppressive that we cannot think that the Legislature intended that the Act should receive such a construction. McDonald vs. Spring Valley, 285 Ill. 52, 120 N. E. 476, 2 A. L. R. 1359; Donoghue et al. vs. Tonapah Oriental M. Co. (Nev.) 198 Pac. 553, 15

A. L. R. 937; Bankers Trust Co. vs. Bowers, 295 Fed. 89, 31 A. L. R. 922; U. S. vs. Ninety-Nine Diamonds, 139 Fed. 961, 2 L. R. A. (N. S.) 185; U. S. vs. Kirby, 7 Wall. 482, 19 L. ed. 278, 280; Church of Holy Trinity vs. U. S., 143 U. S. 457, 36 L. ed. 227, 228; State vs. Buck Mercantile Co., (Wyo.) 264 Pac. 1023, 57 A. L. R. 675. Statutes must be construed, if possible, so as to make them practicable. Willett's Wood Product Company vs. Concordia Land and Timber Co., 169 La. 240, 124 So. 841; 71 A. L. R. 140; 25 R. C. L. 1019. The Court committed no error in sustaining the demurrer to said "additional" or fifth amended plea.

The maker of the note agreed therein that in case suit should be brought for collection thereof, or it had to be collected upon demand of an attorney, to pay reasonable attorney's fees for making the collection. The declaration alleges that on account of the failure of the defendant to pay the note, it has become necessary for the plaintiff to employ attorneys to collect it, without alleging the amount to be paid for such service, or averring that plaintiff was to pay a reasonable fee therefor. There was no proof before the Court to show the agreement between the plaintiff and her attorneys or to show the value of the services of such attorneys. Under the circumstances, the Court erred in including in the judgment an amount for attorneys fees. For the errors pointed out, the cause is reversed and remanded for further proceedings in accordance with law.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below be, and the same is hereby reversed and the cause remanded with directions to proceed further in accordance with law.

Buford, C.J., and Whitfield, Ellis, Brown and Davis, J.J., concur.

Terrell, J., not participating.