SHANNON, Chief Judge.
James O. Hargis, Jr., the petitioner herein, seeks review of an order of the Florida Real Estate Commission denying his motion to quash the amended information filed below. Also, in his petition he complains that the lower court erred in refusing to consider his motion to strike and his motion for a more definite statement or bill of particulars.
The amended information charges generally, in fifteen counts, that Hargis, a registered real estate broker, represented to certain parties that certain described lots were free and clear of all liens and encumbrances; and that said parties, relying on said representations, purchased the lots and received from Hargis a deed warranting the title free and clear of all liens. But, according to the amended information, the said lots were at the time subject to the liens of two outstanding and unpaid mortgages previously executed by the defendant-petitioner to specified mortgagees; and the defendant-petitioner knew of their existence and failed to disclose said facts to the purchasers. This count concludes by alleging that defendant is guilty of misrepresentation, concealment, and dishonest dealing in a business transaction, in violation of Chapter 475, Fla.Stat., F.S.A.
*837 We liave given an outline of the statements contained in the first count. The statements in the remaining counts of the information are very similar, describing the property and the liens, as well as the fact that the defendant had placed the liens on the land and had knowledge of the facts, and with this knowledge had deeded said property to the described persons without disclosing the same.
Sec. 475.25, Fla.Stat., F.S.A., provides that the Florida Real Estate Commission may suspend the .registration of a real estate broker:
“ * * * upon a finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, * * * or breach of trust in any business transaction, * * * and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public; * * *
* * * * * *
“(3) The registration of a registrant may be revoked * * * if he shall be found guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest or untruthful that the money, property, transactions and rights of investors or those with whom he may sustain a confidential relation, may not safely be entrusted to him.”
Sufficiency of the amended information should be examined in light of Sec. 475.26, Fla.Stat., F.S.A., where it is provided:
“ * * * The facts shall be alleged in concise, simple language, and shall be deemed to afford notice of the charge, if a person of ordinary understanding may reasonably be enabled to present his defense thereto, if any, * * % y>
Sec. 475.05, Fla.Stat., F.S.A., provides:
“The commission may enact by-laws and regulations for its own government, and rules and regulations in the exercise of its powers, not in conflict with the constitution and laws of the United States or of this state, and amend the same at its pleasure. The commission may decide questions of practice arising in the proceedings before it, having regard to this chapter and the rules and regulations then in force. * * * ”
Acting on Sec. 475.05, the Commission was operating under the following rule which was in farce and effect:
“Unauthorized Pleadings. The Commission will not hear or determine any written motion, petition, objection, or other pleading unless the same is specifically provided for in Chapter 475, F.S. or these rules. When any pleading not specifically provided for is filed by a party or his counsel the same will be placed in the record of said cause and the .relief therein sought be deemed denied without the necessity of a specific ruling by the Commission. This rule shall not apply to such oral or written motions or objections as are properly to be made before the Commission, or the examiner, during the trial of an information.”
We first shall take up the question of whether or not the Commission erred in not disposing of the petitioner’s various motions, such as his motion for bill of particulars, etc.
In answer to petitioner’s claim that the Commission was not acting within the limits of due process of law, we note 42 *838 Am.Jr., Public Administrative Law, Sec. 116, p. 450, which states:
“There is no vested right in any particular remedy or form of proceeding. Neither the Fourteenth nor the Fifth Amendment guarantees any particular form of procedure; they protect substantial rights. Administrative process of the customary sort is as much due process as is judicial process, especially when judicial review of the administrative action is provided; * *
.The same principle of law appears in State ex rel. Davis v. Rose, 1929, 97 Fla. 710, 122 So. 225, where our Supreme Court, in passing upon the validity of the statute creating and reposing certain powers in the Florida Real Estate Commission, had this to say:
“ * * * The procedure is statutory, but it does not prevent any issue of fact, nor the trial of it under the due processes of the law. The defendant cannot be concerned with the ways and means provided by law for the commission to prepare and present its case, he is only concerned with the manner of its decision by the court in which he has a right under the statute to be heard.”
Keeping in mind that we are not here dealing with court procedure, but with administrative proceedings, it is stated in 1 Fla.Jur., Administrative Law, Sec. 107, in part:
“The differences in origin and function of courts and of administrative agencies preclude the wholesale transportation to administrative proceedings of the rules of procedure and trial which have evolved from the history and experience of courts. Thus, it is a general rule that the technical or formal rules of procedure which govern trials before a court are not applicable in administrative proceedings. * * *»
Sec. 475.30, Fla.Stat.1961, F.S.A., deals with procedure, and, among other things, it provides:
“ * * * In the event of necessity of procedure not specifically provided for herein, the procedure applicable in chancery practice and appeals shall govern so far as they may be applicable.”
Howe'ver, there are no facts in this record that show that there is any necessity which requires application of these particular civil rules to the administrative action of the Commission.
Having determined that it was not necessary for the Florida Real Estate Commission to pass upon the particular motions, we now come to the question of whether or not the amended information was subject to petitioner’s motion to quash. In Ahern v. Florida Real Estate Commission, 1942, 149 Fla. 706, 6 So.2d 857, the Supreme Court stated, in part:
“In answer to the first contention, it is sufficient to say that since the act brought in question was one designed to regulate the conduct of real estate brokers, it is not necessary that the information be cast with that degree of technical nicety required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated that is sufficient. State ex rel. Williams v. Whitman et al., 116 Fla. 196, 150 So. 136, 156 So. 705, 95 A.L.R. 1416.”
This court, in Thorn v. Florida Real Estate Commission, Fla.App.1962, 146 So.2d 907, through Judge Smith, cited the Ahern case with approval, and stated:
“ * * * The act simply requires that the facts shall be alleged in concise, simple language, and shall be deemed to afford notice of the charge, if a person of ordinary understanding may reasonably be enabled to present his defense, and both the information *839 and answer shall be aided and deemed amended by the proof if the opposite party shall be afforded full opportunity to meet and defend against or rebut such proof. § 475.26, Florida Statutes, F.S.A.”
We conclude that the petition for writ of certiorari in the instant case be and the same is hereby denied.
It is so ordered.
KANNER and SMITH, JJ., concur.