HORTON, Judge.
The Florida Board of Massage, respondent below in certiorari proceedings, seeks review of a final order which granted petitioner’s application for certiorari and quashed an order of the Board.
On March 3, 1961, the appellant Board filed formal charges in the form of an “accusation” against the appellee, a registered and licensed masseuse under the laws of Florida, charging various violations of Chapter 480, Fla.Stat., F.S.A. (the massage registration act of 1943). Count 3 of the accusation charged the appellee with violation of § 480.11(1) (f),[1] “for that on August 30, 1960, in Dade County, Florida, at the Sally Thrall Massage Parlor at 2323 Biscayne Boulevard, Miami, Dade County, Florida, you did employ, allow or permit an unregistered person * * * to perform work at said Sally Thrall Massage Parlor while at said time and place said Sally Thrall Massage Parlor was operated and maintained by virtue of your massage license and certificate and on said time and place said [unregistered person] did then and there unlawfully give a massage to a patron.” [Emphasis supplied] Pursuant to notice, testimony in support of the accusation was taken before the Board in an administrative hearing on March 17, 1961. On March 24, 1961, the Board entered an order which found the appellee guilty of Count 3 and suspended appellee’s license for a period of one year and sixty days. The order further provided that upon completion of the sixty-day period, probation would ensue.
On March 28, 1961, the appellee filed her petition for writ of certiorari in the circuit court to review the order of suspension. On September 8, 1961, the circuit court entered an order denying certiorari; however, on timely application for rehearing, the court, on April 9, 1963, set aside its prior order and granted the writ.
This appeal presents for our determination two questions: (1) whether the accusation charged a violation of § 480.11(1) (f) ; and (2) whether the evidence was sufficient to sustain the charge.
*22 With reference to the first question, the appellant contends that the accusation clearly sets forth a violation of § 480.11(1) (f) in that it specifically refers to said section as a basis for the violation. It further contends that the accusation is in
the very words of the statute or words of an equivalent import and when construed with the remaining sections of Chapter 480, an offense was charged. The appellee counters this contention by arguing that by the very wording contained in Count 3 of the accusation (upon which the order of suspension is based) she was not apprised of the violation with which she was charged. She further argues that the variance in the language used from that set forth in the statute renders the accusation fatally defective.
For the reasons we now set forth we agree with the contentions of the appellant and reverse the order appealed.
It is well established that to charge one with an offense defined by statute the offense must be charged in the very language of the statute or language of equivalent import. Gibbs v. Mayo, Fla.1955, 81 So.2d 739. Applying this basic principle to the provisions of the statute, we are of the view that the term “unregistered person” clearly comprehends and means “unlicensed person.” Section 480.02, Fla.Stat, F.S.A., specifically provides that it is unlawful for any person to engage in the practice of massage without a certificate of registration issued pursuant to the provisions of Chapter 480. This section also provides that it shall be unlawful for any person to practice any branch of massage as defined by law without first being a registered masseur or masseuse under the provisions of Chapter 480. The reference is specifically to a registered individual and when the terminology of § 480.11 (the basis of Count 3) is so considered, we must conclude that the legislature intended the term “licensed person” to be the equivalent of “registered person.”
 As further reason for reversal we note that in administrative proceedings of this nature it is not necessary that the information or accusation be cast with that degree of technical nicety required in a criminal prosecution. See Hargis v. Florida Real Estate Commission, Fla.App. 1963, 153 So.2d 836, and cases cited therein. As stated by our Supreme Court in the oft-cited case of State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705, 95 A.L.R. 1416:
“ * * * charges before boards, such as the state board of dental examiners, need not be stated with the technical nicety or formal exactness required of pleadings in the courts, nor are the proceedings before the board required to conform in every respect to that controlling in strictly judicial proceedings, (citations omitted) * * And in such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner, free from any just suspicion of prejudice, unfairness, fraud, or oppression.”
See also 1 Fla.Jur., Administrative Law, § 116; Ahern v. Florida Real Estate Commission ex rel. O’Kelley, 149 Fla. 706, 6 So.2d 857; Sickler v. Bermingham, Fla.App. 1960, 122 So.2d 45; and Hargis v. Florida Real Estate Commission, Fla.App.1963, 153 So.2d 836. Compare State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311; State ex rel. Jordan v. Patishall, 99 Fla. 296, 126 So. 147. Measured by such standards, we hold that Count 3 of the accusation was legally sufficient to charge the appellee with violation of § 480.11(1) (f). Accordingly, the circuit court was in error when it quashed the order of the Board.
We have reviewed the evidence and the testimony taken before the Board in *23 the administrative hearing and conclude that it was sufficient to sustain the charge.
For the foregoing reasons, the order appealed is reversed and the cause is remanded with directions to dismiss the petition for certiorari.
Reversed and remanded with directions.

. This section (which was in effect at the time the accusation was filed but later amended by the 1963 legislature — Ch. 63-172) provides: “§ 480.11 Revocation of certificates and licenses; preferment of charges
“(1) The certificate of registration and license of a masseur, masseuse or school of massage may be revoked, suspended or annulled upon any one or more of the following grounds:

“(f) That the registrant is grossly ignorant, or incompetent, or guilty of willful negligence in the practice of massage, or has been guilty of employing, allowing or permitting any unlicensed person to perform any work in his or her establishment or massage school.” [Emphasis supplied]