HOBSON, Judge.
Carter Sandin, a real estate broker and the petitioner herein, seeks review of an order of the respondent, Florida Real Estate Commission, denying his motion to quash *356 an information filed against him by M. Graham Hicks, an investigator for respondent.
The essence of the complaint set forth in the information is the failure of petitioner Sandin to keep an earnest money binder in his escrow account until such time as authorization for disbursement was obtained from the purchaser to the transaction here in question. This unauthorized disbursement is alleged to be a violation of F.S.A. § 475.25(1)(i).
The pertinent portion of the Information reads as follows:
“On approximately January 2, 1965, the defendant, Carter Sandin, received from H. K. Shutts a deposit of $300.00 which sum was deposited with the defendant, Carter Sandin, as an earnest money binder in connection with the purchase of property owned at the time by one William B. Anderson and located at 1364 Floral Drive, Fort Myers, Florida. The contract made and executed by the purchaser and the seller on or about that date provided inter alia for a purchase price of $13,000, the balance of the $12,-700 after deducting the $300 deposit aforesaid to be paid at the rate of $100 per month, starting March 1, 1965 and subsequent payments on the first of each month until July 1, 1965 at which time a payment of $481.00 was to be made.
“The payments aforesaid were to be made to the office of the defendant, Carter Sandin, and during the interim a general warranty deed conveying the above described property from the seller to the purchaser was to be held in escrow by the defendant, Carter Sandin, said deed to be delivered upon the payment of the said $481.00 on July 1, 1965 to the purchasers of said property at which time they were to assume and agree to pay an existing FHA insured mortgage on the premises.
“At the time of the contract aforesaid the existing mortgage on the premises was in default, which fact was known to the defendant, Carter Sandin. Between the date of the execution of the contract aforesaid and March 1, 1965, the purchaser, Shutts, discovered the fact of the default and was, in fact, apprised that said mortgage was to be foreclosed and that he would be joined as a party defendant to the same. The defendant, Carter Sandin, was apprised of each of the facts aforesaid.
“On April 3, 1965, the defendant, Carter Sandin, disbursed the $300 deposit mentioned above from his escrow account, paying the same to William B. Anderson, the seller of the above described property. At the time of disbursement of the $300 deposit, as alleged herein, foreclosure proceedings against the above described property had been instituted in the Circuit Court of the Twelfth Judicial Circuit of Florida, of which fact the defendant, Carter Sandin, had been apprised.
“The purchaser, Shutts, did not at any time agree or otherwise authorize the disbursement of the deposit of $300.00. Wherefore, the defendant, Carter Sandin, has failed to keep an earnest money binder in his escrow account until the disbursement was properly authorized within the intent and meaning of section 475.25(1)(i), F.S.”
The petitioner moved to quash the information on the following grounds:
1. The information is deficient in that it fails to allege full performance by Mr. Shutts, the purchaser. (The contract between seller and purchaser provided that the deposit money would be disbursed to Mr. Anderson upon Mr. Shutts’s failure to carry out the agreement.)
2. Authorization for disbursement as required by the statute was clearly shown, based upon the following two documents: (a) a joint affidavit of J. F. Welborn and Fritz Wilke showing an oral agreement between Mr. Shutts, Mr. Anderson and petitioner subsequent to the above described *357 contract, authorizing immediate disbursement of the deposit to Mr. Anderson; and (b) the written authorization of Mr. Anderson authorizing disbursement of the deposit to him.
Petitioner appeals the order denying his motion to quash.
Section 475.25, F.S.A., provides that the Florida Real Estate Commission may suspend the registration of a real estate broker. Subsection 475.25(1) (i), F.S.A. reads as follows:
“475.25 Grounds for revocation or suspension.—
(1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:
******
(i) Failed, if a broker, to immediately place, upon receipt, any money, fund, deposit, check or draft, entrusted to him by any person dealing with him as a broker, in escrow with a title company or banking institution located and doing business in Florida, or, deposit said funds in a trust or escrow bank account maintained by him with some bank located and doing business in Florida, wherein said funds shall be kept until disbursement thereof is properly authorised, or, if a salesman, failed to immediately place with his registered employer any money, fund, deposit, check or draft, entrusted to him by any person dealing with him as agent of his registered employer. The commission shall establish rules and regulations to provide for records to be maintained by the broker and the manner in which such deposits shall be made.” (Underscoring supplied).
The sufficiency of the information should be examined in light of § 475.26, F.S.A., where it is provided:
“ * * * The facts shall be alleged in concise, simple language, and shall be deemed to afford notice of the charge, if a person of ordinary understanding may reasonably be enabled to present his defense thereto, if any, and both the information and answer shall be aided and deemed amended by the proof, if the opposite party shall be afforded full opportunity to meet and defend against or rebut such proof.”
In reaching a determination as to the sufficiency of the information it is well to realize that the case sub judice concerns an administrative proceeding and not a court procedure. In 1 Fla.Jur., Administrative Law, § 107, it states in part:
“The differences in origin and function of courts and of administrative agencies preclude the wholesale transportation to administrative proceedings of the rules of procedure and trial which have evolved from the history and experience of courts. Thus, it is a general rule that the technical or formal rules of procedure which govern trials before a court are not applicable in administrative proceedings.”
This court, in Hargis v. Florida Real Estate Commission, Fla.App.1963, 153 So. 2d 836, 838, quoted with approval a previous opinion of the Supreme Court in Ahern v. Florida Real Estate Commission, 1942, 149 Fla. 706, 6 So.2d 857, where the Supreme Court stated, in part:
“* * * [I]t is not necessary that the information be cast with that degree of technical nicety required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated that is sufficient.”
Subsequently the District Court of Appeal, Third District, in Florida Board of Massage v. Thrall, Fla.App. 1964, 164 So.2d 20, 22, quoted with approval another land *358 mark Supreme Court case to the effect that:
* * [j]n such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner, free from any just suspicion of prejudice, unfairness, fraud, or oppression.’ ” State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705, 95 A.L.R. 1416.
The Information sub judice alleges that on approximately January 2, 1965 petitioner, a broker, received from H. K. Shutts, a deposit of $300 as an earnest money binder in connection with the purchase of certain property owned by William B. Anderson; that the petitioner held in escrow a warranty deed conveying the property from the seller to the purchaser to be delivered upon the payment of final monies on July 1, 1965; that at the time of the contract an existing mortgage was in default, such fact being known to petitioner ; that between the date of execution of the contract and March 1, 1965 when a second payment was due, Shutts discovered the fact of default and the further fact that he would be joined as a party defendant to a mortgage foreclosure on the property; that on April 3, 1965, at a time when the petitioner was apprised of the fact that foreclosure proceedings against the property had been instituted, he disbursed the $300 deposit from his escrow account, paying the same to William B. Anderson, the seller; that the purchaser, Shutts, did not at any time agree or otherwise authorize the disbursement of the $300 deposit; whereupon petitioner has failed to keep an earnest money binder in his escrow account until disbursement was properly authorized within the intent and meaning of Section 475.25(1) (i), F.S.A.
Our sole duty is to determine whether the Information in question is sufficient to allege a violation of Florida Statute 475.25 (1) (i), F.S.A. The law as set forth above as to the requirements of an Information of this type, whereby the technical niceties required in a criminal prosecution are not controlling, and in consideration of the reasonable clarity and certainty of the violation set forth in this Information herein, we therefore conclude that the petition for writ of certiorari in the instant case be and the same is hereby denied. It is so ordered.
SHANNON, Acting C. J., and LILES, J., concur.