HODGES, Circuit Judge.
Another basic question of public interest is presented to us for the first time in this case by certiorari to the Fourth District Court of Appeal upon its certification in consequence of Article V, Section 5(3) of the Florida Constitution, F.S.A.
The inquiry involves the legal sufficiency of a duly authorized Information which was filed before the Florida Real Estate Commission by the Petitioner, Ronald L. Myers, as Plaintiff, against the Defendant, Jay Williams, seeking revocation of the latter’s registration as a real estate broker in the State of Florida.
The denial by the Commission of the Defendant’s motion to quash the Information was reversed by the District Court in its divisive opinion, reported in 232 So.2d 239, which we now judicially examine and finally determine as part of the jurisprudence of Florida.
The Information alleges the specific acts, which against the motion to quash must be taken to be true, were committed by the Defendant and that they constitute violations of the provisions of Section 475.25, Florida Statutes, F.S.A.
The factual allegations of the Information are that the defendant, a registered Florida broker, obtained three checks payable to his Bahamian employer, Heritage Land Sales, Ltd. in the total sum of $7,075.-00 from three prospective purchasers as the full purchase price of a lot located on Grand Bahama Island and owned by Free-port Estates, Ltd; that instead of delivering the checks to his employer, the defendant fraudulently endorsed the checks and appropriated the money to his own use by depositing the checks in his personal bank account at the American National Bank & Trust Company of Ft. Lauderdale, Florida. Thereafter, according to the Information, the defendant immediately used $5,750.00 of the money to purchase the same lot in his own name directly from the owner, retaining the difference of $1,-325.00, and refusing upon demand of the true purchasers of the property to deliver a deed to the property to them or to return their money to them.
In his motion to quash the Information, the defendant contended that the Commission does not have jurisdiction of the person of the defendant or of the subject matter of the Information because certain of the alleged wrongful acts of the defendant occurred in Freeport, Grand Bahama Island, and involved real estate there. *306 The defendant further protested that to hold a hearing and consider evidence and testimony concerning his acts which occurred in Freeport, Grand Bahama Island, and involving real property there, would constitute a denial of due process of law guaranteed to him by Section 12 of the Declaration of Rights of the Florida Constitution and the Fourteenth Amendment to the United States Constitution.
Concluding that the defendant’s motion was without merit, the Commission ruled that it had jurisdiction to proceed on the Information, and, therefore, denied the motion to quash. On certiorari, the District Court of Appeal disagreed, quashed the Information in a two-to-one holding and certified the ruling to us.
It is apparent that only one fundamental question was raised by the defendant in his motion to quash and since this question was precisely stated by the District Court in its opinion as certified to this Court, we adopt it as the point in controversy. The question is:-.
Does the jurisdiction of the Florida Real Estate Commission, an administrative agency of this state, when seeking to suspend or revoke the license of a person duly registered under the Real Estate License Law, Chapter 475, Florida Statutes, extend to the investigation and regulation of acts which are committed outside the state of Florida?
While this Court, having granted certiorari, may review the entire record, opinion and judgment involved in the cause, Seaboard Air Line Railroad Company v. Branham, 104 So.2d 356; James v. Keene, 133 So.2d 297; Confederation of Canada Life Ins. Co. v. Vega, 144 So.2d 805, we think it is so clearly demonstrable that the acts of misconduct alleged in the Information classically fall within the statutory prohibitions under which the charges are laid (See the statutory provisions as set forth in Note number “1” of the dissenting opinion in the decision of the District Court, Williams v. Florida Real Estate Commission, supra), that they are more than sufficiently alleged (See Sandin v. Florida Real Estate Commission, Fla.App., 187 So.2d 355) and all requirements of due process have, thus far, been adequately served, that in our review we should cleave only to the certified point in the case.
The controlling issue of whether or not the Commission lacked jurisdiction of the person of the defendant and the subject matter ,'of the case because all or most of the alleged wrongful acts occurred beyond the borders of the State of Florida has not before been involved on appellate review of disciplinary actions of the Florida Real Estate Commission.
Albeit a recital of the facts alone may insinuate a succinct or categorical dissent, the initiatory emergence here of the point of inquiry impels the Court to attempt to render a more commodious and serviceable opinion by articulating the reasons which have induced, influenced and persuaded its conclusions, setting forth authorities which logically support or constrain them.
We are mindful that administrative agencies are creatures of the state, with limited and special powers expressly or impliedly conferred upon them by statutes for purposes of achieving the legislative intent. The administrative body has no powers except those expressly granted or reasonably implied and their general dis-' ciplinary powers extend only to those within the territorial limits of the state.
However, we are convinced that reasonable and necessary implications of the controlling statutory provisions in this case palpably demonstrate a plain legislative intent not to restrict the jurisdiction of the Commission to intrastate misconduct of its registrants insofar as disciplinary proceedings against those registered in this state are concerned. The statute provides innumerable acts of misconduct, assorted, assimilative, broad and particularized, upon which a real estate license may be revoked or suspended. Subsection (1) (e) of Section 475.25, Florida Statutes, F.S.A., pro *307 viding that conviction in another state of a crime involving moral turpitude, is simply one of the many grounds made available by the statute, which invalidates the District Court’s notion that only those wrongful acts resulting in actual proof of conviction in another state can support disciplinary proceedings by the Commission. (Emphasis Provided)
A real estate license is not an absolute right but a privilege subject to police power regulation because of its relation to the general welfare.
The District Court structured its opinion upon the wording of Section 475.01(2), which reads:
“Every person who shall, in this state, for another, and for a compensation or valuable consideration, * * * ” etc.
and Section 475.04(1), which provides:
“(1) The Commission may examine witnesses and administer oaths, and shall investigate persons doing a real estate business in this state to ascertain if they are violating any of the provisions of this chapter * * (Emphasis Added)
by concluding that “the use of the words ‘in this state’ imply that the Legislature of the State of Florida has seen fit only to grant the Florida Real Estate Commission power over its registrants for acts which occur within this state.” (Emphasis Ours)
Such a restrictive conclusion is a non sequitur, inasmuch as Section 475.01(2) is simply and manifestly definitive of “real estate brokers” and “real estate salesmen” who are required by Section 475.13, Florida Statutes, F.S.A., to be registered with the Commission, while Section 475.04(1) authorizes the administrative agency to examine witnesses, administer oaths and investigate those doing a real estate business in the state. Nowhere do these provisions define violations or limit the Commission’s power of disciplinary action with respect to real estate registrants. The narrow view advanced by the defendant and adopted by the majority opinion of the District Court, supra, overlooks many other portions of the controlling statute which, in pari materia, unerringly point to a more plausible and reasonable interpretation, as do analogous appellate court decisions. For instance, Section 475.17, Florida Statutes, F.S.A., sets forth as requirements for registrants that the applicant be “a citizen of the United States, honest, truthful, trustworthy, of good character, and that he has a good reputation for fair dealing". In determining whether an applicant meets these requirements, the Commission is expressly empowered to consider his misconduct outside the boundaries of Florida and may deny registration if, in fact, the applicant has been guilty of any conduct in Florida, “or elsewhere", which would constitute grounds for license revocation or suspension had he then been registered in this state. (See Section 475.17 (1).) (Emphasis Ours)
This Court, in an early polestar case (State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225) concerned with the precursor of the statute with which we are now involved, in enunciating principles of statutory interpretation, stated, inter alia:
“The gist of a statute is its intent, and a material disregard of this is a violation of the substance of the enactment. The legislative intent, therefore, should be sought for and obtained and the statute be so construed as to make it valid and effective, if its language permits it. The act should be so construed as to advance and not defeat the object sought to be accomplished. See State [ex rel. Johnson] v. Patterson, 67 Fla. 499, 65 So. 659; Willis v. Special Road & Bridge District, 73 Fla. 446, 74 So. 495; Nolan v. Moore, 81 Fla. 600, 88 So. 601.
“This being true, it follows that, if there are ambiguous terms used in the act, or powers conferred, which when the words conveying them are literally interpreted wouid seem to be violative of con *308 stitutional limitations, but when applied to the practical workings of the agencies supplied by the statute for the execution of its purpose they are found to vest no such powers nor violate any such limitations, such words or ambiguous terms should be so applied and interpreted in the light of the legislative intent as revealed in the act.” (Emphasis supplied)
It has been established that the power of the Commission to act is not limited to a registrant’s misconduct in strictly real estate transactions. In the case of McKnight v. Florida Real Estate Commission, 202 So.2d 199 (2nd D.C.A. Fla.1967), the registered broker was found guilty by the Commission of having issued worthless checks unrelated to any real estate transaction, and in its consideration the Appellate Court stated:
“We do not believe the Commission exceeded its jurisdiction simply because these checks were not issued as a result of a real estate transaction. The law specifically requires that a person in order to hold a real estate license must make it appear that he is honest, truthful, trustworthy, of good character, and that he bears a good reputation for fair dealing. To issue worthless checks is the antithesis of good reputation and fair dealings and this misconduct need not be done during the negotiation and/or sale of real estate in order to be punishable. We think it would be ludicrous to construe the statutes to mean that a broker to be answerable to the Real Estate Commission must commit the unlawful acts when engaged in real estate negotiations but should he commit the same unlawful acts when not engaged in real estate negotiations he would still be of good character and beyond the Commission’s jurisdiction.” (Emphasis Ours)
We think the analogy of the McKnight case makes it equally unthinkable and incredible to construe the pertinent legislative enactment to mean that a broker to be answerable to the Commission must commit the unlawful acts exclusively within the State of Florida, and that if he should commit the same unlawful acts outside or partially outside the state, he would meet the requirements of good character and honesty, and, therefore, be beyond the reach of the Commission’s disciplinary hand.
Given the benefit of assimilation of the other pertinent portions of the statute and the analogous appellate decisions into a contextual whole, it is impossible for us to be congenial with the idea that it is the intent of the act governing real estate brokers that a Florida registrant may be as dishonest as possible outside the state which granted him the privilege when his acts of dishonesty are those explicitly denounced by the statute under which his privilege is held.
The somewhat enigmatic concern of the defendant and the lower court with the claim of denial to the defendant of procedural due process of law is, we believe, at best, premature and, at worst, fanciful or illusory. Although lacking cognition of the District Court’s reasoning relative to its obiter that staggering costs and “intolerable injustices” will attend registrants who are charged with defending similar out-of-state actions, suffice it to say that the defendant is in the same position with respect to witnesses and proof as any other litigant in like circumstances. And, in any such proceeding as the one under review, where denial of due process or departure from essential requirements of, law may be involved, judicial review of final orders and decisions is available by writ of cer-tiorari and of interlocutory orders by common law certiorari or interlocutory appeal. (Meiklejohn v. American Distributors, Inc., Fla.App., 210 So.2d 259)
We are not inattentive to the fact that at least some of the acts of misconduct averred in the Information, with respect to the conversion of funds, were committed in, or partly within, the physical boundaries of Florida. Our decision renders incon *309 sequential the potentially entangling and confusing issue of how many dishonest acts taking place in or outside this state are nec-sary for the Commission’s jurisdiction, or the divesting thereof, by reason of the sitae of offenses committed. Our deduction, like that of the District Court’s minority dissent, is that the legislative intent of the statute, which comports with sound reason and common sense, was to require of a real estate registrant as a fundamental prerequisite the qualifications of good character, honesty and a reputation for fair dealing and that the receipt by him of the privilege of registration is conditioned upon his maintenance of the required standards of conduct in all of his business dealings wherever they may extend.
The registrant may not, under the statute, disrobe himself of his character and reputation in one place and don it in another but he must, at penalty of suspension or revocation of his license, at all times and in all places keep himself elevated to a position in which he may be safely trusted to handle money, property, transactions and rights of those with whom he does business. They have a right to expect fidelity and trust in the confidential relationship afforded him as a licensed broker in this state.
The decision and order of the District Court of Appeal of Florida, Fourth District, is quashed, and the case remanded for proceedings in conformity with this opinion.
ERVIN, C. J., and DREW, ADKINS and BOYD, JJ., concur.