BOARDMAN, Judge.
Jewell M. Ursoleo, petitioner, a registered real estate broker, seeks review by certiorari of an order of the Florida Real Estate Commission, respondent, denying her motion to quash an information filed against her by the commission.
The petitioner was charged with alleged violations of the Real Estate License Laws, Chapter 475, Florida Statutes, F.S.A.
The information filed was in three separate counts. We do not deem it necessary to set forth each of the counts in its entirety. Suffice it to say that the petitioner in essence was charged in count one with an unauthorized distribution of escrow funds in violation of Florida Statutes, Section 475.25(1) (i), F.S.A.; count two charged petitioner with the failure to follow the advice of the commission issued pursuant to a requested advisory opinion in violation of Florida Statutes, Section 475.-25(1) (c), F.S.A., and, culpable negligence in violation of Florida Statutes, Section 475.25(1)(a), F.S.A.; count three charged petitioner with violation of Florida Statutes, Section 475.25(3), F.S.A., alleging incompetence, negligence, dishonesty, untruthfulness, and that the property of others might not be safely entrusted to her custody. The information prayed that the registration of the petitioner as a real estate broker be suspended or revoked.
The charges filed against petitioner arose out of a real estate transaction wherein the petitioner was holding $5,000 of the purchasers’ funds in an escrow account. The purchasers decided to rescind the contract but the sellers declined to permit the return of the escrow monies. Petitioner’s husband, Jerry Ursoleo, sales manager of Jewell Real Estate Company, requested that the Real Estate Commission render its opinion in the matter or give its permission for the disbursement of the funds in the escrow account. The commission did issue an advisory opinion pursuant to the above request and stated therein that the issues of fact, law, and damages were not within the jurisdiction of the commission and should be determined by a court of competent jurisdiction. Thereafter, and upon another demand for the funds being made by the sellers, the petitioner distributed the monies in the escrow account in the following manner:
Petitioner retained j4 for herself as the listing broker; another broker involved in the transaction was given ; and the remaining Yi was disbursed to the sellers.
Upon being advised of the disbursement of funds by the petitioner, the commission *533 filed the information against her. Notice of filing of the information was duly served upon petitioner. Petitioner then filed an answer denying the specified charges and, in addition, a motion to quash the information pursuant to Section 475.-30(2), Florida Statutes, F.S.A. Petitioner seeks now a review of the commission’s order denying her motion to quash.
The sole issue for our decision is whether the information filed by the commission was sufficient as a matter of law.
It is pointed out that at this posture of the proceeding there has not been an adversary hearing on the merits of the case before the Real Estate Commission. We do not have before us for consideration a final order subject to appellate review on whether there was substantial and competent evidence to support a final order of the commission. We are not by this opinion deciding this case on its merits.
We have carefully reviewed the record, especially the information and the motion to quash, studied the briefs and listened attentively to oral arguments of the parties. It is our opinion that the rationale of Sandin v. Florida Real Estate Commission[1] and the cases cited therein should govern in regards to this instant proceeding.
Florida Statutes, Section 475.26, F.S.A., regarding the sufficiency of an information, provides:
. . . The facts shall be alleged in concise, simple language, and shall be deemed to afford notice of the charge, if a person of ordinary understanding may reasonably be enabled to present his defense thereto, if any, and both the information and answer shall be aided and deemed amended by the proof, if the opposite party shall be afforded full opportunity to meet and defend against or rebut such proof ....
We hold that the allegations contained in each count of the information are stated with sufficient specificity under the statute alleged in each count to have been violated by the petitioner to afford the petitioner notice of the charges filed against her. We add that many of the matters raised by petitioner in her brief are primarily directed to the merits of the case and can only be reviewed by this court after a final determination by the commission on the merits.
The petition for writ of certiorari is hereby
Denied.
MANN, C. J., and McNULTY, J., concur.

. Fla.App. 1966, 187 So.2d 355; cert. den., Fla.App.1967, 201 So.2d 645.