QUESTIONS: 1. Does the Governor have the authority to promulgate rules relating to manpower in Florida and enforce such rules through the State Manpower Council? 2. What authority does the State Manpower Council have in requiring agencies to coordinate and link their efforts whereby such agencies are involved in manpower programming and related activities? 3. What authority does the State Manpower Council have in requesting pertinent information from agencies to be included in the state manpower plan?
SUMMARY: Neither the State Manpower Services Council nor the Governor has any statutory authority to promulgate or enforce rules or regulations relating to manpower in Florida. The council has no statutory authorization to compel state agencies providing manpower or manpowerrelated services to participate in the implementation of comprehensive manpower plans by prime sponsors. The council may request information from other agencies to be used in the adoption of a comprehensive manpower plan, and, hopefully, such agencies will provide it. AS TO QUESTION 1: It is a fundamental rule that an administrative agency of the state must have specific statutory authority in order to promulgate rules and regulations. See Edgerton v. International Company, Inc.,89 So.2d 488 (Fla. 1956); Lewis v. Florida State Board of Health,143 So.2d 867 (1 D.C.A. Fla., 1962). Accord: Attorney General Opinion 073-489. In this regard, Ch. 74-165, Laws of Florida [Part IV, Ch.13, F.S. (1974 Supp.)], the State Manpower Services Council Act, provides that the State Manpower Services Council, which is established thereby, shall, inter alia, develop a state manpower plan which . . . articulates the manpower policy of the state, identifies present and future needs for manpower services, recommends alternatives to meeting these needs, and evaluates the progress toward meeting these needs. [Section 13.9984(8), F.S. (1974 Supp.).] However, nowhere in Ch. 74-165, or in any other statutory provision of which I am aware, is the State Manpower Services Council (hereinafter referred to as the "council"), or the Governor who appoints nine at-large members to the council, authorized to promulgate or enforce rules or regulations relating to manpower in Florida. Accordingly, your first question is answered in the negative. AS TO QUESTION 2: It is a long-settled rule that an administrative agency, as a creature of statute, has no powers except those expressly mentioned in the statute or implied therefrom in order to carry out express powers. See State ex rel. Burr v. Jacksonville Terminal Co., 71 So. 474, 485 (Fla. 1916); Florida Real Estate Commission v. Williams, 240 So.2d 304,306 (Fla. 1970). Applying this rule here, the duties of the council are primarily advisory, informational, and supportive. Except for the statutory requirement that it approve certain regional manpower plans, see s. 13.9984(7), F.S. (1974 Supp.), the council appears to be granted no authority to compel other state agencies to do anything. Thus, with respect to the instant question, the council is required to develop a comprehensive manpower plan which shall, inter alia, (2) provide for the cooperation and participation of all state agencies providing manpower and manpower-related services in the implementation of comprehensive manpower services plans by prime sponsors; . . . . [Section 13.9984(9)(d)2.] See s. 13.9981(8) for definition of "prime sponsor." However, the foregoing provision does not impose any obligation on any other state agency. It is directed solely at the council's duty to adopt a comprehensive plan which makes provision for the cooperation of state agencies providing manpower and manpower-related services. Nowhere is the council authorized, either expressly or by implication, to compel such agencies to participate in the implementation of comprehensive manpower plans by prime sponsors. Accordingly, your second question is answered in the negative. AS TO QUESTION 3: As stated previously, the council is required by Ch. 74-165, supra, to adopt a comprehensive manpower plan. In order to adopt such plan, it would appear necessary that the council acquire all information relative to manpower and manpower-related services provided in this state. Thus, I am of the opinion that the council is authorized to request such information from whatever state or local agency possesses it. In a spirit of cooperation, which is obviously intended by the Legislature in enacting Ch. 74-165, it would certainly be desirable for such agencies to provide the information requested.