DOWNEY, Judge
(dissenting).
The Department of Transportation of the State of Florida, Bureau of Aviation, Division of Mass Transit Operation, revoked Wood’s license to operate a heliport. The circuit court denied Wood’s petition for writ of certiorari, and Wood appealed to this court.
The Department moved to dismiss the appeal on the ground that the proper method of review of the circuit court’s judgment in a certiorari proceeding is by a petition for writ of certiorari. This court on June 12, 1975, denied the motion to dismiss, but it directed that the matter proceed as a petition for writ of certiorari pursuant to Rule 4.5(c), F.A.R. This was a mistake on our part in my opinion, since the matter was properly here as a plenary appeal. Jones v. City of Hialeah, Fla.App.1974, 294 So.2d 686, and cases cited therein. Accordingly, I would vacate this court’s order of June 12th and treat this matter as a full appeal.
The only real question presented to this court is whether the circuit court’s conclusion that Wood received adequate notice of the nature of the revocation proceedings is supported by the record filed in that court. In my judgment the record filed there is adequate to support the finding that Wood was fully apprised of the matters to be considered at the hearing on his license revocation.
In January 1973, the Department, sent Wood a letter directing Wood’s attention to alleged serious violations of Chapter 14-60.07 of the Florida Administrative Code pertaining to heliports. In pertinent part the letter stated:
“The pad is surrounded by 25 to 40 foot buildings, trees, and utility poles. Your departure path is between two buildings 90 feet apart situated within 100 feet of the take off point. In short, you are offering helicopter rides to the public from a heliport which fails to meet our recently revised safety and minimum standards criteria as presented in paragraph 1 of Chapter 14-60.07 of the Florida Administrative Code.”
Several months later when Wood’s license came up for renewal, the Department refused to renew ’ it. Wood thereupon sought judicial review of that refusal. To avoid litigation, the parties stipulated that Wood’s license would be renewed but a hearing would be held to determine if it should be revoked. Thereafter, Wood was again notified of some additional specific violations of the Administrative Code pertaining to heliports. Finally, Wood was notified in writing of the time and place of a hearing “to inquire into all matters concerning the licensing of the 17th Street Causeway Heliport . . . .”
Woods contends that § 330.32, F.S.1973, requires that the notice of hearing involved herein set forth the grounds under consideration for revocation. I find no such requirement in that section or any other section of Chapter 330. In proceedings such as those described in § 330.30, F.S., technical nicety and formal exactness are not the rule. As stated in Florida Board of Massage v. Thrall, Fla.App.1964, 164 So.2d 20:
“ * * charges before boards, such as the state board of dental examiners, need not be stated with the technical nicety or formal exactness required of pleadings in the courts, nor are the proceedings before the board required to conform in every respect to that controlling in strictly judicial proceedings, (citation omitted) * * And in such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner, free from any just suspicion of *28 prejudice, unfairness, fraud, or oppression.’ ” 164 So.2d at 22.
The circuit court reviewed the due process question on petition for certiorari and found the proceedings met the constitutional mandate. In our review of that decision we do not look for error in the proceedings before the Department of Transportation hearing examiner; that the circuit court did. “The extent of our review on this appeal is to decide whether, upon the points properly raised, the circuit court applied the applicable law and acted in accordance with established procedure.” Morris v. City of Hialeah, Fla.App.1962, 140 So.2d 615; Ammerman v. The Florida Board of Pharmacy, Fla.App. 1965, 174 So.2d 425. My review of the record leads me to conclude that the circuit court applied the applicable law and followed established procedure.
Accordingly, I would affirm the judgment appealed from.