STETTIN, HERBERT, Associate judge.
Petitioners seek review by certiorari of an order of the Florida Real Estate Commission denying their motion to quash an administrative complaint. The complaint was filed against both the individual broker, Lawrence S. Roberts, and Larry Roberts, Inc., a registered corporate broker, alleging that Roberts individually negotiated a sale of his own property to Gateley. Part of the contract of purchase and sale required Roberts to hold a $2,000 deposit “in escrow subject to this contract. . It thereafter developed the sale did not close and Gateley demanded the return of his $2,000. The complaint alleges Roberts did not return the money to Gateley because he did not have it.
These facts are claimed to be a violation of § 475.25(l)(c) and (d) F.S., a part of the real estate licensing statute condemning the failure to deliver to any person any personal property which comes into the licensee’s hands which is not his property, which he is not in law or equity entitled to retain under the circumstances, and for which demand by the person entitled has been made. Other counts in the complaint relate to the same facts.
The petitioners’ motion to quash raised various grounds but only the argument as to factual sufficiency of the administrative complaint is necessary for disposition of the case.
Section 475.26 F.S. states in part:
“The facts [in an administrative complaint] shall be alleged in concise, simple language, and shall be deemed to afford notice of the charge, if a person of ordinary understanding may reasonably be enabled to present his defense thereto

The facts alleged here do not reach the reason why the sale failed to close, and whether Roberts thereby became legally liable to return the $2,000 deposit to Gateley. If Roberts had a right to treat the deposit as forfeit he would not be liable for failing to deliver the money to Gateley. There are special conditions to the closing described in the contract of purchase and sale from which the failure to close may be presumed, but there are no concise simple allegations of fault. Without these facts a person of ordinary understanding could not be expected to prepare his defense. See Ursoleo v. Florida Real Estate Commission, 281 So.2d 532 (Fla. 2d DCA 1973), cert. den. 287 So.2d 685 (Fla.); and Sandin v. Florida Real Estate Commission, 187 So.2d 355 (Fla. 2d DCA 1966).
The petition for certiorari is granted. The Order denying Motion to Quash is reversed with leave to the Florida Real Estate Commission to amend the complaint.
DOWNEY, C. J., and BERANEK, J., concur.