Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles Tallahassee
QUESTION:
When the certificate of title to a motor vehicle is registered in the name of a trustee who wishes to transfer the title to the motor vehicle to a third party, does the Department of Highway Safety and Motor Vehicles have a duty to require a certified copy of the trust instrument in order to ensure that the trustee is authorized to transfer title, or do the provisions of s. 737.405, F. S., apply to exonerate the department from any higher duty of inquiry?
SUMMARY:
The Department of Highway Safety and Motor Vehicles is not under any affirmative statutory duty to inquire into the authority of a trustee to transfer to a third party the title to a motor vehicle registered in the trustee's name, nor is the department authorized or required by law to require the production of a certified copy of the trust agreement embodying such trustee's authority or duty with respect to the transfer to a third party of any motor vehicle registered or titled to the trustee's name.
According to your letter, the attached memorandum of law, and subsequent communications I have had with your office, I gather that it has been the policy of the Department of Highway Safety and Motor Vehicles, when it receives an application to transfer title from a trustee titleholder, to require that trustee to submit a certified copy of the controlling trust agreement to enable the department to determine whether the trustee is empowered to transfer the title to a third party. The necessity for this departmental policy has recently been questioned in view of s. 737.405, F. S., which provides:
 With respect to a third person dealing with a trustee or assisting a trustee in the conduct of a transaction, the existence of trust powers and their proper exercise by the trustee may be assumed without inquiry. The third person is not bound to inquire whether the trustee has power to act or is properly exercising the power. A third person without actual knowledge that the trustee is exceeding his powers or improperly exercising them is as fully protected in dealing with the trustee as if the trustee possessed and properly exercised the powers he purports to exercise. A third person is not bound to assure the proper application of trust assets paid or delivered to the trustee.
 You state that, while it has been argued that this provision absolves the department of any duty to inquire into the actual powers of a trustee, you are not sure whether the department can be considered a `third person dealing with a trustee or assisting a trustee in the conduct of a transaction' within the meaning of this statutory section. For purposes of this opinion, I assume that you are not concerned about titles issued in other states or the sale of a motor vehicle by a registered dealer. Consequently, I will limit myself to discussing the issues you raise as they relate to motor vehicles registered in this state to trustees who are not registered dealers.
 The Department of Highway Safety and Motor Vehicles is charged with carrying out the provisions of ch. 319, F. S., including those pertaining to the registration, certification, sale, and distribution of motor vehicles. Section 319.08. In order to carry out this responsibility, the department is granted the power to adopt such rules and regulations as are necessary or proper for the effective administration of that chapter. Sections 319.17 and 319.25. However, any rules the department may adopt must be consistent with the controlling statutory provisions and cannot be contrary to or enlarge upon the controlling legislation. Cf. Lewis v. Florida State Board of Health, 143 So.2d 867, 875-876 (1 D.C.A. Fla., 1962), cert. denied, 149 So.2d 41 (Fla. 1963); Florida Growers Coop Transport v. Department of Revenue, 273 So.2d 142 (1 D.C.A. Fla., 1973), cert. denied, 279 So.2d 33 (Fla. 1973); and Seitz v. Duval County School Board, 366 So.2d 119 (1 D.C.A. Fla., 1979), cert. denied, 375 So.2d 911 (Fla. 1979). In order for an owner to sell or otherwise dispose of a motor vehicle in Florida, he initially assigns the certificate of title to the purchaser or transferee. Section 319.21. See s. 319.31(1) and (2) for the assignment form. According to s. 319.22, the assigned certificate is not a marketable title until such time as a new certificate has been issued to the purchaser by the department in accordance with the provisions of s. 319.23. Subsection (1) of that section requires that application for a certificate of title is to be made to the department upon a form prescribed by the department (see s. 319.31(3)), sworn to before a notary public or other officer empowered to administer oaths. It is to be accompanied by the applicable fee as well as the previously issued certificate of title showing the assignment to the applicant. Section 319.23(6) requires the applicant, before the department may issue a certificate, to show that he has paid all sale or use taxes that may be due and that a current motor vehicle registration has been obtained. Finally, s. 319.23(9) requires the department to use security procedures, processes, and materials in the preparation and issuance of each certificate to prevent, to the extent possible, alteration, counterfeiting, duplication, or modification of the certificate of title.
 The Department of Highway Safety and Motor Vehicles, being a creature of the Legislature, has no inherent powers but is limited to the authority and powers granted it, either expressly or by necessary implication. See Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A. Fla., 1970), reversed on other grounds, 240 So.2d 304 (Fla. 1970); Florida ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. denied, 300 So.2d 900 (Fla. 1974); and Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975). If there exists any reasonable doubt as to the lawful existence of a particular power that is being exercised by the department, the further exercise of that power should be arrested. See
Edgerton v. International Co., 89 So.2d 488 (Fla. 1956), and Greenberg, supra. Nowhere in the provisions of ch. 319, F. S., either in those outlined above or in any others, do I find any indication that the Legislature intended to or did authorize or require the department to assume the affirmative duty of inquiring into the legal authority or capacity of a trustee to transfer title to a motor vehicle registered in his name. Thus, failing to find the existence of any express duty, I cannot say that the department has any implied power
to require a trustee to submit a certified copy of the controlling trust instrument to the department so that it might determine whether the trustee has the power to transfer title of a motor vehicle registered in his name. While an express duty or power duly conferred may include implied authority to use means necessary to make that express duty or power effective, such power may not be implied in the absence of an express power or duty. Cf. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936), and AGO 078-101.
 You indicate that the department is responsible to the people of Florida for maintaining the integrity of these records. I have no doubt but that this is true. However, I fail to see how the department, by not requiring the trustee-owner to authenticate (by certified copy of the trust instrument under which he acts) his legal right to transfer title to a motor vehicle registered in his name and to which he possesses a certificate of title, has failed in this duty. As hereinbefore noted, the enabling statutes do not make any express grant of authority to or expressly impose any duty upon the department in these particulars. Should it turn out that the trustee did not have the power to dispose of the motor vehicle, a third party who purchases the vehicle without such knowledge `is as fully protected in dealing with the trustee as if the trustee possessed and properly exercised the powers he purports to exercise.' Section 737.405, F. S. It follows from this that the title he takes is a marketable title, so the people of the state are protected in any subsequent transactions. Consequently, the department has fulfilled its obligations to the people of the state and is not required to undertake any unnecessary preliminary investigations or determinations into or as to the legal right of trustee-owners to dispose of motor vehicles or transfer the titles thereto to third parties.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General