John Atkinson Chairman, Hospital Board of Directors of Lee County Fort Myers
QUESTION:
May the Hospital Board of Directors of Lee County, a special-purpose unit of local government operating Lee Memorial Hospital in Fort Myers, impose an interest charge on overdue and unpaid patient accounts?
SUMMARY:
Until and unless legislatively provided otherwise, the Hospital Board of Directors of Lee County is not authorized by law to impose an interest charge on overdue and unpaid patient accounts.
The Lee Memorial Hospital is a public hospital created by ch. 63-1552, Laws of Florida, as amended by chs. 69-1235 and 72-600, Laws of Florida. This hospital, denominated in the enabling legislation as a public county hospital and created and maintained pursuant to these special acts, is for the use and benefit of the residents of the county. See s. 14 of ch. 63-1552. However, the `hospital board may extend the privileges and use of the hospital to nonresidents of the county upon such terms and conditions as said board may from time to time by its rules and regulations provide.' Id.
You state in your letter that the hospital has for some time carried a large amount of accounts receivable in the form of overdue and unpaid patient accounts. You propose, as a method of discouraging unpaid accounts, to charge interest on those overdue patient accounts and request this office's opinion as to the legality of this proposal.
Section 14 of ch. 63-1552, supra, as amended, provides, in pertinent part, that `[t]he hospital board shall collect from patients financially able, such charges as the hospital board may from time to time establish.' Indigents are cared for and treated without charge. To this end the `hospital board is authorized to accept moneys from the welfare funds available from other governmental agencies for payment of cost of treatment and care of indigent patients.' Section 1 of ch. 69-1235, supra, amended ch. 63-1552 to add s. 23 which authorizes the hospital board of directors to make contracts, sue, and be sued in the name of the Hospital Board of Directors of Lee County. The hospital board is not, however, authorized by these laws to impose an interest charge on overdue and unpaid patients' accounts. Statutory agencies or entities, such as this public hospital, possess only those powers as are expressly given or necessarily implied because they are essential to effectuate those powers expressly given. Florida Real Estate Commission v. Williams, 240 So.2d 306 (Fla. 1970); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); and AGO 074-272. If there is doubt about the lawful existence of a power, a governmental agency or entity cannot exercise such power and, if the power is presently being exercised, further exercise of the power should be arrested. See
Nohrr v. Brevard County Educational Facilities Authority,247 So.2d 304 (Fla. 1971); Edgerton v. International Company, supra; and Division of Family Services v. State, 319 So.2d 72 (1 D.C.A. Fla., 1975).
Absent statutory authorization, a governmental agency or entity may not charge interest on overdue patient accounts. See AGO 074-250, in which my predecessor in office concluded that the Indian River County Hospital District, created by ch. 59-1385, Laws of Florida, as amended, was not authorized by law to accept notes as payment for hospital charges or to charge interest or exact late payment penalties on accounts receivable or debts due the hospital for services rendered by the hospital, and AGO 075-13, which concluded that the Santa Rosa County Hospital lacked legislative authorization to impose a penalty for late payment or nonpayment of patient accounts or to increase the account balance for late payment or nonpayment. The enabling legislation involved in AGO 075-13 is essentially the same as the legislation in the instant question. The hospital board has the authority to charge reasonable charges as established by the board and to collect such charges from financially able patients, but the board lacks statutory authorization to exact interest on such charges, accounts receivable, or overdue and unpaid patient accounts.
Prepared by: Craig B. Willis, Assistant Attorney General